UNDERHILL v SAFECO INSURANCE COMPANY

1. AUTOMOBILES—INSURANCE—NO FAULT—MOTORCYCLISTS—OCCUPANT OF MOTOR VEHICLE—PERSONAL PROTECTION BENEFITS—STATUTES.

A motorcycle operator who is involved in an accident with an automobile is "not an occupant of a motor vehicle" under the no-fault act and is therefore entitled to personal protection insurance benefits from the insurer of the automobile involved in the accident (MCLA 500.3115[1], 500.3101[1], 500.3113; MSA 24.13115[1], 24.13101[1], 24.13113).

2. AUTOMOBILES—INSURANCE—NO-FAULT ACT—MOTOR VEHICLE—WORDS AND PHRASES—STATUTES.

A vehicle must have more than two wheels before it is a "motor vehicle" under the no-fault act (MCLA 500.3101[2]; MSA 24.13101[2]).

3. AUTOMOBILES—INSURANCE—NO FAULT—CONSTITUTIONAL LAW—EQUAL PROTECTION—STANDING.

An insurance company, as opposed to a motorcyclist or someone injured by a motorcycle, is not the proper party to argue that the exclusion of motorcycles from the benefits of no-fault insurance denies to owners and operators of motorcycles equal protection of the law.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted April 14, 1976, at Detroit. (Docket No. 25868.) Decided May 21, 1976.

Complaint by Randy C. Underhill against Safeco Insurance Company for payment of insurance ben-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] Am Jur 2d New Topic Service, No-fault Insurance §§ 18–20.

What constitutes a "Motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

Motorcycle as within automobile liability policy provision covering temporary or infrequent use of other automobiles. 66 ALR3d 451.

efits. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Allyn D. Kantor,* for plaintiff.

*Lizza & Mulcahy, P. C.,* for defendant.

Before: D. E. Holbrook, P. J., and Bronson and D. C. Riley, JJ.

Per Curiam. Defendant appeals from an order of summary judgment granted by the court below in favor of plaintiff.

On September 15, 1974 a collision occurred involving a motorcycle operated by plaintiff Underhill and an automobile owned by James Hawley and operated by his daughter with Mr. Hawley's consent. As a result of the accident, plaintiff suffered serious injuries resulting in a great deal of medical expense and lost income. At the time of the accident, plaintiff was insured under a motorcycle liability policy which did not provide no-fault benefits. The automobile was insured under a no-fault policy issued by the defendant Safeco Insurance Company. Plaintiff filed a claim with Safeco which Safeco denied. It was the defendant's theory that the no-fault statutes provide no benefits for motorcyclists. Plaintiff brought an action against defendant and moved for a summary judgment in the court below. The court held that, as a matter of law, plaintiff was entitled to the benefits afforded under defendant's policy of insurance and granted plaintiff interest at the rate of 12 percent on his claim.

The first issue to be decided is whether or not the operator of a motorcycle who is involved in an accident with an automobile is included within the phrase "not an occupant of a motor vehicle" and

therefore entitled to personal protection insurance benefits from the insurer of the automobile involved in the accident. MCLA 500.3115(1); MSA 24.13115(1). MCLA 500.3101(2); MSA 24.13101(2), provides that a vehicle must have more than two wheels before it is a "motor vehicle" under the no-fault act. MCLA 500.3101(1); MSA 24.13101(1) provides:

> "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance and residual liability insurance."

Since, in the instant case, plaintiff was not operating a "motor vehicle" under the act, he was not required to maintain security for the payment of personal protection insurance benefits. However, since defendant's insured was the owner of a four-wheel vehicle, he was required to maintain security for the payment of personal protection insurance benefits. Further, because plaintiff was not the owner of a "motor vehicle" which was involved in the accident, he is not precluded from receiving benefits under the exclusion provided in MCLA 500.3113; MSA 24.13113. MCLA 500.3115; MSA 24.13115 provides that an individual who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits first from the insurers of owners or registrants of motor vehicles which are involved in the accident. This is precisely the action plaintiff took and precisely the action upheld by the court below.

Defendant next argues that the exclusion of motorcycles from the benefits of no-fault insurance deny to the owners and operators of motorcycles

equal protection of the laws. Since it is the defendant insurance company who makes this argument, rather than a motorcyclist or someone injured by a motorcycle, we believe the issue to be controlled by the recent case of *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975). Thus, defendant cannot prevail on this issue.

Affirmed.