DAVIDSON v JOHNSON

VANDER ZYL v DANEVICZ

1. AUTOMOBILES—INSURANCE—MOTORCYCLISTS—PERSONAL PROTECTION
   BENEFITS—STATUTES.

   An individual who suffers accidental bodily injury while not an occupant of a motor vehicle should claim personal protection insurance benefits first from the insurers of motor vehicles which are involved in the accident; therefore, the insurer of an automobile involved in an automobile-motorcycle collision is responsible for payment of benefits to the motorcyclist, who is not an occupant of a motor vehicle within the meaning of the no-fault insurance statute, because the fact that the motorcyclist carries some nonrequired insurance coverage does not alter the liability of the insurer of the motor vehicle involved in the accident (MCLA 500.3115; MSA 24.13115).

2. AUTOMOBILES—INSURANCE—LIABILITY INSURANCE—PROPERTY DAM-
   AGES—STATUTES.

   Property damages based upon fault are properly recoverable under the residual liability insurance coverage required by the no-fault automobile insurance statute (MCLA 500.3131; MSA 24.13131).

3. AUTOMOBILES—INSURANCE—ATTORNEY FEES—STATUTES.

   Attorney fees may be charged under the no-fault act against an insurer in an action by a claimant for personal or property protection benefits which are overdue only upon a finding that the insurer unreasonably delayed or refused payment (MCLA 500.3148[1]; MSA 24.13148[1]).

Appeals from Kent, John T. Letts, J. Submitted May 4, 1977, at Grand Rapids. (Docket Nos. 26797, 28242.) Decided July 6, 1977.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, New Topic Service, No-Fault Insurance § 17.
[2] Am Jur 2d, New Topic Service, No-Fault Insurance § 34.
[3] Am Jur 2d, New Topic Service, No-Fault Insurance § 7.

Two cases consolidated for appeal. Complaint by William Davidson against Mitchell A. Johnson, The Farm Bureau Insurance Group, and The Citizens Mutual Insurance Company for damages resulting from an automobile-motorcycle collision. Summary judgment for plaintiff against Farm Bureau on his personal injury claim only. Farm Bureau appeals. Affirmed, and modified to include payment for plaintiff's property damage.

Complaint by Stephen Vander Zyl and Kim Vander Zyl against Thomas W. Danevicz for damages resulting from an automobile-motorcycle collision. Third-party complaint by Danevicz against State Farm Mutual Automobile Insurance Company for indemnification. Judgments for plaintiff, and for Danevicz on the third-party complaint. State Farm appeals. The judgment for plaintiffs Vander Zyl is affirmed, the judgment against State Farm is reversed.

*Mohney, Goodrich & Titta, P. C.* (by *Bruce W. Neckers*), for plaintiff William Davidson.

*Hillman, Baxter & Hammond* (by *William M. Bremer*), for Citizens Mutual Insurance Company.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson*), for Farm Bureau Insurance Group.

*Wheeler, Upham, Bryant & Uhl* (by *Geoffrey L. Gillis*), for defendant Thomas W. Danevicz.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.* (by *Darrel G. Brown*), for State Farm Mutual Automobile Insurance Company.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and A. C. MILLER,* JJ.

A. C. MILLER, J. This presents another facet of the many problems arising under the Michigan no-fault insurance act, MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.* Two cases were consolidated on appeal because both present the problem of recovery by a motorcyclist where the motorcyclist collided with an automobile covered by a no-fault policy and where the motorcyclist was covered by the no-fault policy on the family car, which contained a $5,000 deductible on the personal protection insurance.

In the first case plaintiff Davidson was operating a motorcycle and was the "named insured" in a policy on the family car issued by Citizens Mutual Insurance Company. The policy was issued pursuant to MCLA 500.3109(3); MSA 24.13109(3), which provided:

"An insurer providing personal protection insurance benefits may offer, at appropriately reduced premium rates, a deductible of a specified dollar amount which does not exceed $300.00 per accident. This deductible may be applicable to all or any specified types of personal protection insurance benefits but shall apply only to benefits payable to the person named in the policy, his spouse and any relative of either domiciled in the same household. Any other deductible provisions require the prior approval of the commissioner."

At that time the commissioner approved a $5,000 deductible.[1] Defendant Johnson was the owner and operator of the automobile involved and was cov-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Section 3109a was added by 1974 PA 72, and at that time the commissioner rescinded the $5,000 deductible authorization and permitted an additional premium for the endorsement.

ered by a no-fault policy issued by The Farm Bureau Insurance Group. Both insurance companies were joined as defendants.

Plaintiff initially filed a common law action, but later amended to claim no-fault benefits against one or the other of the insurance companies. The facts were stipulated and the court granted plaintiff's motion for summary judgment and ordered defendant Farm Bureau to pay no-fault benefits to plaintiff, denied the property damage claim and denied all claims against defendants Johnson and Citizens.

The principal issue is the validity of the deductible provision and the priority of insurance coverage. Property damage and attorney fee issues are also raised.

In the second case plaintiff Vander Zyl was operating a motorcycle and an accident occurred with an automobile owned and operated by defendant Danevicz. Plaintiff was covered as a "named insured" by a policy issued by defendant State Farm Mutual Automobile Insurance Company containing the same deductible mentioned above. Plaintiff complained against Danevicz for the no-fault benefits and for residual losses. The latter filed a third-party complaint against State Farm for indemnity.

Plaintiff was awarded $25,000 by jury, and as a precaution to avert retrial, the court requested the jury to separate the damages. It awarded $11,000 no-fault benefits and $14,000 non-economic losses.

The right of the motorcyclist to proceed under the no-fault act was considered in *Underhill v Safeco Insurance Co*, 76 Mich App 13; 255 NW2d 349 (1976). In that case it was reasoned that the operator of a motorcycle was "not an occupant of a motor vehicle" and therefore not required to main-

tain no-fault insurance and could recover against the policy covering the automobile involved in the accident under MCLA 500.3101(1); MSA 24.13101(1), which provides in part:

"The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance and residual liability insurance."

The Court went on to say:

"Since, in the instant case, plaintiff was not operating a 'motor vehicle' under the act he was not required to maintain security for the payment of personal protection insurance benefits. However, since defendant's insured was the owner of a four-wheel vehicle, he was required to maintain security for the payment of personal protection insurance benefits. Further, because plaintiff was not the owner of a 'motor vehicle' which was involved in the accident, he is not precluded from receiving benefits under the exclusion provided in MCLA 500.3113; MSA 24.13113. MCLA 500.3115; MSA 24.13115 provides that an individual who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits first from the insurers of owners or registrants of motor vehicles which are involved in the accident. This is precisely the action plaintiff took and precisely the action upheld by the court below." 76 Mich App at 15.

This logic is persuasive and is adopted. The motorcyclist can recover (in the same way as a pedestrian) upon the no-fault policy covering the automobile involved in the accident.

Section 3115 provides:

"Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an

occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
(a) Insurers of owners or registrants of motor vehicles involved in the accident.
(b) Insurers of operators of motor vehicles involved in the accident."

This should be read with the primary § 3105:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

One can see the legislative intent to tie responsibility to the motor vehicle involved in the accident. If there are two motor vehicles, then each party recovers upon his own policy, but it is far-fetched to reach other insurance just because it might be construed to apply where not required by the act. Statutes must be read so as to harmonize, to be constitutional. We are asked to declare the troublesome § 3109 unconstitutional as a denial of the Equal Protection Clause (US Const, Am XIV) or as a violation of the separation of powers (Const 1963, art 3, § 2) between legislative and administrative bodies. This inquiry is suggested because of the difficulty in reconciling §§ 3114 and 3115. The public is better served by an interpretation of the sections that will result in certainty, rather than further declarations of invalidity and uncertainty. Where a motor vehicle is involved, the insurance on that vehicle shall be primary. Where a section of the statute deals with nonoccupants, it shall be given meaning. Cross-references in statutes should not be used to pervert an otherwise harmonious statutory scheme. Section 3114 deals with occu-

pants. Section 3115 refers to nonoccupants throughout and we are dealing with a nonoccupant. The cross-reference in substance means "except when an occupant". There being only one motor vehicle involved, its coverage must bear the responsibility for the no-fault losses. The fact that by happenstance plaintiff had some nonrequired coverage does not alter the liability of the insurer of the motor vehicle involved in the accident.

We thus arrive at the same result as the trial judge on the principal issue.

The court in Davidson denied the property damage claim for the motorcycle itself on the basis of *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), where Judge Horace Gilmore's ruling in part provided:

"G. * * * As a further consequence, the residual liability insurance coverage required by Section 3131 of The Act includes property damage liability." *Id.,* at 361

and which was affirmed, quoting from page 370:

"We therefore hold that the property damage provisions are violative of equal protection."

and page 372:

"Paragraphs A, G and I of the Declaratory Judgment are affirmed;"

Since the parties stipulated to fault, property damages were properly recoverable from defendants' insurers. The trial court's ruling in Davidson, to this extent, is reversed. An additional $730 plus interest should be added to plaintiff Davidson's recovery against Johnson.

The trial court denied attorneys fees. Section

3148(1) of the no-fault act, MCLA 500.3148(1); MSA 24.13148(1), provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

Thus, attorney fees are only to be charged against an insurer upon a finding that the insurer "unreasonably" delayed payment or refused to pay. Because of the substantial constitutional and statutory construction issues raised in the instant case, it cannot be said that the refusals of both insurers to pay the claimed benefits were "unreasonable". The trial court's denial of attorney fees was proper.

In Davidson, the trial court is affirmed except as to the property damage item of $730 which should be added to plaintiff's recovery. In Vander Zyl, the entire judgment of $25,000 should be paid by defendant Danevicz and his insurer. The subrogation judgment over against State Farm is reversed and held for naught. Costs may be taxed in both cases.