HILL v AETNA LIFE & CASUALTY COMPANY

1. WORDS AND PHRASES—MOTOR VEHICLE—STATUTES—NO-FAULT IN-
   SURANCE—AUTOMOBILES.

   "Motor vehicle" is defined by the no-fault automobile insurance
   act as a vehicle, including a trailer, operated or designed for
   operation upon a public highway by power other than muscular
   power which has more than two wheels (MCLA 500.3101[2];
   MSA 24.13101[2]).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—TRADITIONAL TEST—
   REFORM LEGISLATION—CLASSIFICATIONS.

   The traditional equal protection test is used to review a claim
   that certain legislation denies equal protection where the legis-
   lation under attack is reform legislation of a social and eco-
   nomic nature; under this test the burden is on the person
   challenging a classification to show that it is without reasona-
   ble justification and the classification should not be set aside if
   any state of facts reasonably may be conceived to justify it; a
   classification will stand unless it is shown to be essentially
   arbitrary (US Const, Am XIV, Const 1963, art 1, § 2).

3. INSURANCE—AUTOMOBILES—NO-FAULT INSURANCE—STATUTES.

   The basic purpose of the no-fault act is to insure the compensa-
   tion of persons injured in automobile accidents (MCLA 500.3101
   *et seq.;* MSA 24.13101 *et seq.*).

4. INSURANCE—MOTORCYCLES—AUTOMOBILES—PERSONAL INJURY—
   RIGHT OF RECOVERY—STATUTES.

   A motorcyclist or a passenger on a motorcycle can recover for
   personal injury if involved in a collision with a motor vehicle,
   but his or her right of recovery is from the insurer of the
   owner, registrant or operator of the motor vehicle involved in

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d New Topic Service, No-Fault Insurance § 17.
[2, 6, 7] Am Jur 2d New Topic Service, No-Fault Insurance §§ 12, 13,
    17.
[3] Am Jur 2d New Topic Service, No-Fault Insurance § 1.
[4, 5] Am Jur 2d New Topic Service, No-Fault Insurance §§ 17, 18.
[8] Am Jur 2d New Topic Service, No-Fault Insurance §§ 14, 15.

the accident, and not the motorcyclist's or the passenger's own automobile insurance carrier (MCLA 500.3115; MSA 24.13115).

5. INSURANCE—MOTORCYCLES—AUTOMOBILES—NO-FAULT INSURANCE— RIGHT OF RECOVERY.

A plaintiff who was injured while a passenger on a motorcycle which was involved in an accident may not recover from her father's automobile insurance carrier under the no-fault act whether or not there was an automobile involved in the accident.

6. INSURANCE—MOTORCYCLES—NO-FAULT INSURANCE—EXCLUSIONS— ESSENTIALLY ARBITRARY TEST—EQUAL PROTECTION.

The exclusion of motorcycles from the coverage of the no-fault insurance act is reasonable and not essentially arbitrary because not only are all members of the class intended to be protected in fact protected but the exclusion of motorcycles reduces the overall cost of the no-fault insurance.

7. INSURANCE—AUTOMOBILES—NO-FAULT INSURANCE—ACCIDENTAL BODILY INJURY—MOTORCYCLES—EXCLUSIONS—CONSTITUTIONAL LAW.

The classifications set forth in the no-fault insurance act which limits an insurer's liability to pay benefits for accidental bodily injury to those arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, thereby excluding motorcyclists, have a rational basis, are not "essentially arbitrary" and are constitutional under the "traditional" equal protection test (MCLA 500.3101[2], 500.3105[1]; MSA 24.13101[2], 24.13105[1]).

8. INSURANCE—MOTORCYCLES—AUTOMOBILES—NO-FAULT INSURANCE— TORT REMEDIES—STATUTES.

Drivers or passengers of motorcycles involved in accidents which do not involve motor vehicles, as defined under the no-fault insurance act, are not entitled to recover under the no-fault act but are entitled to basic tort remedies for damages arising out of such accidents (MCLA 500.3101[2], MSA 24.13101[2]).

Appeal from Ontonagon, Donald L. Munro, J. Submitted October 4, 1977, at Marquette. (Docket No. 77-2172.) Decided November 22, 1977.

Complaint by Barbara A. Hill against Aetna Life & Casualty Company for damages for personal

injuries suffered when the motorcycle on which she was a passenger was involved in an accident, there being no other vehicles involved. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Wisti & Jaaskelainen,* for plaintiff.

*Weis, Cossi & Slade, P. C.,* for defendant.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. On July 26, 1975, the plaintiff, a passenger on a 1975 Honda two-wheel motorcycle owned and operated by one Walter Miller, was injured when the motorcycle was involved in an accident, there being no other vehicles involved. The plaintiff sues the defendant who is the no-fault automobile insurance carrier on plaintiff's father's motor vehicles. Defendant contends that plaintiff may not recover under the provisions of the no-fault insurance statute since MCLA 500.3101(2); MSA 24.13101(2) defines a motor vehicle for no-fault insurance purposes as follows:

" 'Motor vehicle' as used in this chapter, except for section 3103, means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels."

Plaintiff contends that this definition and classification is unconstitutional since it excludes motorcycles and therefore constitutes a denial of equal protection of the law under both the 14th Amendment to the United States Constitution and article 1, § 2 of the Michigan Constitution of 1963.

Defendant was granted summary judgment by the trial court based upon its contention as stated above. Plaintiff appeals.

Since the no-fault act, MCLA 500.3101, *et seq.;* MSA 24.13101 *et seq.,* is reform legislation, *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), of a social and economic nature we review plaintiff's claim of lack of equal protection under the "traditional" equal protection test. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975). Under such test the burden is on the person challenging the classification to show that it is without reasonable justification. It has been said that a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. Moreover, a classification will stand unless it is shown to be "essentially arbitrary". Few statutes have been found so wanting in rationality as to fail to satisfy the "essentially arbitrary" test. *Manistee Bank v McGowan, supra,* at 668.

The basic purpose of no-fault is to ensure the compensation of persons injured in automobile accidents. *O'Donnell v State Farm Mutual Automobile Insurance Co,* 70 Mich App 487, 495; 245 NW2d 801 (1976). The act accomplishes this purpose. Occupants of motor vehicles are protected under MCLA 500.3105; MSA 24.13105 and nonoccupants of motor vehicles under MCLA 500.3115; MSA 24.13115. The only requirement for recovery being that there be a motor vehicle involved in the accident.

A motorcyclist or a passenger on a motorcycle can recover for personal injury if involved in a collision with a motor vehicle but his or her right of recovery is from the insurer of the owner, registrant or operator of the motor vehicle involved in the accident, MCLA 500.3115; MSA

24.13115, and not the motorcyclist's or passenger's own automobile insurance carrier. *Underhill v Safeco Insurance Co,* 76 Mich App 13; 255 NW2d 349 (1976). Here plaintiff seeks to recover from her father's insurance carrier, which would not be allowed, under the statute, even if there had been an automobile involved in the instant accident.

While motorcycles are not included within the definition of "motor vehicle" in the act, since a motor vehicle is a vehicle having more than two wheels, such exclusion is reasonable and not "essentially arbitrary" in view of the purpose of the act. Not only are all members of the class intended to be protected in fact protected but the exclusion of motorcycles reduces the overall cost of the no-fault program. The latter is a proper legislative motivation and constitutional. *Shavers v Attorney General, supra.*

Appellant has failed to sustain her burden that the classification is "essentially arbitrary" and does not bear a rational relation to the object of the legislation. We therefore hold that the classifications set forth in MCLA 500.3101(2); MSA 24.13101(2), MCLA 500.3105(1); MSA 24.13105(1),[1] under the "traditional" equal protection test, have a rational basis, are not "essentially arbitrary" and are constitutional. Drivers or passengers of motorcycles involved in single-motorcycle accidents or for that matter those involved in two-motorcycle collisions are not entitled to recover under the no-fault act. Plaintiff is left with her basic tort remedies for damages arising out of the accident.

Affirmed. No costs, constitutionality and interpretation of a statute being involved.

---

[1] "(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."