PORTER v MICHIGAN MUTUAL LIABILITY COMPANY

OPINION OF THE COURT

1. AUTOMOBILES—INSURANCE—MOTORCYCLISTS—PERSONAL PROTECTION INSURANCE—STATUTES.

Motorcyclists are not excluded from no-fault automobile insurance but are not required to maintain personal injury protection insurance; a motorcyclist who is insured under a policy which provides personal injury protection insurance may recover benefits from his insurer for injuries received in a motorcycle-automobile collision because he elected to pay for this nonrequired coverage and may enforce the contract (MCLA 500.3101, 500.3114; MSA 24.13101, 24.13114).

2. CONSTITUTIONAL LAW—SEPARATION OF POWERS—DELEGATION OF POWERS—STANDARDS.

The principles of separation of powers and due process of law forbid the delegation of legislative powers to an administrative agency unless those powers are accompanied by appropriate standards limiting their use.

3. STATUTES—DELEGATION OF POWERS—STANDARDS—PRINCIPLES OF REVIEW.

Three principles should be followed in considering whether a statute which delegates power to an administrative agency provides sufficient standards limiting the use of the power: (1) the act in question must be read as a whole, (2) the standard should be as reasonably precise as the subject matter requires or permits, and (3) if possible the statute should be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative, power and as vesting discretionary, not arbitrary, authority.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] Am Jur 2d New Topic Service, No-Fault Insurance § 17.
[2–4] 1 Am Jur 2d, Administrative Law § 100 et seq.
[4, 6] Am Jur 2d New Topic Service, No-Fault Insurance § 23.

4. Automobiles—Insurance—Personal Protection Insurance—Deductibles—Grant of Legislative Authority—Statutes.

A portion of the no-fault automobile insurance act which confers upon the Insurance Commissioner the authority to approve a deductible provision in excess of $300 in a policy providing for personal injury protection confers that power with no guidelines or standards for its application; the approval by the commissioner of a $5,000 deductible provision in policies covering motorcyclists was therefore invalid, as it was an action taken under a grant of legislative authority without proper standards for the exercise of that authority (MCLA 500.3109[3]; MSA 24.13109[3]).

DISSENT BY DANHOF, C. J.

5. Automobiles—Insurance—Motorcyclists—Personal Protection Insurance—Priorities—Statutes.

A motorcyclist is not an occupant of a motor vehicle as defined in the no-fault automobile insurance act; therefore, a motorcyclist injured in a collision with an automobile may seek personal injury protection benefits from the insurer of the automobile according to the priorities set out in a section of the act dealing with nonoccupants, even where he has elected to purchase additional nonrequired personal protection coverage as an endorsement to his own automobile insurance policy to provide coverage for himself in the event of injury in an accident in which no "motor vehicle", as defined in the act, is involved (MCLA 500.3115[1]; MSA 24.13115[1]).

6. Automobiles—Insurance—Personal Protection Insurance—Deductibles—Statutes.

The validity of a $5,000 deductible provision in an automobile insurance policy providing personal protection insurance should be upheld where it applies only to the coverage provided for a non-motor vehicle not included within the scope of the no-fault automobile insurance act and where the insured is not required to maintain any such coverage under the act (MCLA 500.3101[2], 500.3109; MSA 24.13101[2], 24.13109).

Appeal from Berrien, Julian E. Hughes, J. Submitted June 6, 1977, at Lansing. (Docket No. 30472.) Decided December 5, 1977.

Complaint by Philip L. Porter against Michigan

Mutual Liability Company, Aetna Life & Casualty Company, and Franklin R. Runyon for recovery of personal injury protection benefits as a result of injuries received in a motorcycle-automobile collision, for damages, and for a declaration of certain rights. Summary judgment in favor of the insurers. A stipulation of dismissal was entered into, dismissing Aetna Life & Casualty Company and Franklin Runyon. Plaintiff appeals that portion of the summary judgment relating to his claim against Michigan Mutual. Reversed and remanded.

*Keller, Keller & Creager* (by *Craig A. Rochau*), for plaintiff.

*Lilly, Smith & Domeny,* for Michigan Mutual Liability Company.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

T. M. BURNS, J. This action involves provisions of the no-fault automobile insurance act. MCLA 500.3101, *et seq.;* MSA 24.13101, *et seq.*

On September 12, 1974, plaintiff was operating a motorcycle in the city of Flint when he was struck by an automobile owned and operated by defendant Runyon. Runyon's automobile was covered by no-fault and liability insurance policies issued by defendant Aetna Life & Casualty Company. Plaintiff lived with his father and was covered for injuries received while motorcycling under no-fault policies issued by defendant Michigan Mutual Liability Company.

Plaintiff brought this suit claiming that he suffered serious personal injuries requiring extensive

* Circuit judge, sitting on the Court of Appeals by assignment.

hospitalization and medical treatment, and loss of income as a result of this accident.

Count I of the complaint sought recovery of personal injury protection (PIP) benefits from Michigan Mutual. Michigan Mutual claimed a deductible of $5,000 as provided in the policies it had issued plaintiff's father. Plaintiff asserted that a deductible in excess of $300 was in violation of the statute and that the legislative grant of authority to the Insurance Commissioner to approve deductibles above that figure[1] was an unlawful delegation of legislative authority and therefore void. Plaintiff alleged in the alternative that to the extent he was not entitled to the first $5,000 of PIP benefits from Michigan Mutual, he was entitled to those benefits from Aetna Life & Casualty under the non-occupant provision of the no-fault act. MCLA 500.3115(1); MSA 24.13115(1).

In Count II plaintiff sought common law damages against Runyon based on negligence. In Count III plaintiff sought a declaration that the no-fault provision providing for repayment of no-fault benefits out of such a recovery[2] was violative of the equal protection and due process clauses of the Michigan and U. S. Constitutions.

On motion for summary judgment brought by Michigan Mutual, the trial court ruled that since motorcycles were excluded from the no-fault act, plaintiff could not claim no-fault benefits from either insurer. Consequently, the court granted summary judgment against the plaintiff on Count I, the claim for no-fault benefits, and permitted plaintiff to amend Count II to claim additional special damages of $5,000. The trial court further ruled that the repayment rule of § 3116 was un-

[1] MCLA 500.3109(3); MSA 24.13109(3).
[2] MCLA 500.3116; MSA 24.13116.

constitutional. After entry of the order, plaintiff entered into a stipulation of dismissal with full prejudice with Aetna Life & Casualty and Runyon. All claims against these defendants were released in consideration of a $12,000 payment. Plaintiff appeals the trial court order as it relates to his claim against Michigan Mutual.

I

Motorcyclists are not "excluded from no-fault". Motorcycle owners are not *required* to maintain personal injury protection insurance. See § 3101(1), (2).[3]

Motorcycles are not included in the definition of motor vehicles in the act. § 3101(2). Under § 3115(1),[4] a person injured in an automobile accident while other than an occupant of a motor vehicle must claim PIP benefits, as between insurers of the automobile owner and operator, first from the insurer of the owner. Since a motorcyclist is, under the act, not an occupant of a motor vehicle, the motorcyclist injured in an automobile accident may recover from insurers of the owner,

---

[3] "Sec. 3101. (1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

"(2) 'Motor vehicle' as used in this chapter, *except for section 3103,* means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels." MCLA 500.3101; MSA 24.13101.

[4] "Sec. 3115. (1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident." MCLA 500.3115(1); MSA 24.13115(1).

and then operator, of the automobile. However, this priority section is not controlling in this case.

Section 3115(1) is qualified by § 3114(1).[5] Section 3114(1) indicates that when PIP benefits are payable to an insured under his own policy, his insurer must pay all of these benefits even though the insured is also covered under another policy. Michigan Mutual, the company which issued the policy under which plaintiff was insured, is therefore liable to plaintiff for PIP benefits. Even though injured on a motorcycle, plaintiff may recover PIP benefits from his own insurer. Plaintiff elected to pay for this nonrequired coverage and may enforce the contract subject to the requirements of the act.

## II

The more bothersome issue in this appeal concerns the validity of the $5,000 deductible in the Michigan Mutual policy.

Subsection 3109(3)[6] of the no-fault act provides

---

[5] "Sec. 3114. (1) Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." MCLA 500.3114(1); MSA 24.13114(1).

[6] "(3) An insurer providing personal protection insurance benefits may offer, at appropriately reduced premium rates, a deductible of a specified dollar amount which does not exceed $300 per accident. This deductible may be applicable to all or any specified types of personal protection insurance benefits but shall apply only to benefits payable to the person named in the policy, his spouse and any relative of either domiciled in the same household. Any other deductible provisions require the prior approval of the commissioner." MCLA 500.3109(3); MSA 24.13109(3).

Effective June 3, 1974, the Legislature amended the no-fault act by adding § 3109a. That section provides:

"An insurer providing personal protection insurance benefits shall

that PIP insurers may offer deductibles not in excess of $300 per accident, that this deductible may apply to any of the PIP benefits for a named insured, and that any other deductible provisions require the approval of the Insurance Commissioner. The parties to this appeal assume this language gave the commissioner authority to approve deductible provisions in greater dollar amounts. Although the wording of the statute certainly does not compel that interpretation, it could apply equally to the second sentence of the subsection, and we assume only for decision of this issue that such a construction is proper.

On October 1, 1973, the Insurance Commissioner approved a PIP endorsement providing for a $5,000 deductible for injuries sustained while occupying a two-wheel motor vehicle. This endorsement was contained in the Michigan Mutual policies held by the plaintiff's father.

The principles of separation of powers and due process of law forbid the delegation of legislative powers to an administrative agency unless those powers are accompanied by appropriate standards limiting their use. See *Department of Natural Resources v Seaman*, 396 Mich 299, 308–309; 240

---

offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household." MCLA 500.3109a; MSA 24.13109(1).

The Insurance Commissioner interpreted § 3109a as forbidding the inclusion of large deductible motorcycle coverage in policies issued after the effective date of the new statute. *See,* Section 7 of Bulletin ED Section 1 (4-74), Michigan Department of Commerce. No deductible was to exceed $300 in new or renewal policies processed after that date.

The policy in question here was issued before that date and had not been processed for renewal. The added section and the commissioner's interpretation of it are not directly involved in this appeal.

NW2d 206 (1976), and cases cited therein. In considering whether a statute has provided sufficient standards, three principles are to be followed:

1. The act in question must be read as a whole;

2. The standard should be as reasonably precise as the subject matter requires or permits;

3. If possible, the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative power and as vesting discretionary, not arbitrary, authority. *Seaman, supra,* at 309.

The no-fault act, as it applies to the deductible in this case, contains no provision defining or limiting the power delegated the Insurance Commissioner in § 3109(3). See footnote 6. There is no indication of the goal sought to be achieved by the delegation of such power. The commissioner is not told *what* he can do, *how* he can do it or *why* he can do it. Looking to the Insurance Code as a whole, we still find no guidelines for the establishment or approval of deductible provisions.

Little can be said on what the subject matter requires or permits in the way of standards. There *are* no standards.

The no-fault act is remedial social legislation of complex proportions. Such legislation cannot be expected to be without flaws. It deals with a subject matter involving a high degree of regulation—insurance—which of necessity calls for the exercise of discretion and administrative authority. In such a case it may be more significant to seek standards created by the administrative agency itself to guide its decision making.

However the problem is viewed, though, we are faced with a situation in which a purely arbitrary decision was made by an administrative agency of the state—in the exercise of unlimited, undirected

authority—which had the effect of creating an exception to a legislative prohibition (no deductible to exceed $300). Being action taken under a grant of legislative authority without proper standards for the exercise of that authority, the action was invalid. Michigan Mutual may claim no more than the statutory limit of a deductible of $300.

The order of summary judgment for Michigan Mutual against plaintiff on Count I is reversed. This cause is remanded for a determination of the amounts of PIP benefits which plaintiff is entitled to and has not yet received.

No costs.

A. E. KEYES, J., concurred.

DANHOF, C. J. *(dissenting).* I respectfully dissent.

I believe that the majority opinion proceeds from a fundamental misunderstanding of the no-fault act, and that as a result its treatment of both issues considered is erroneous.

I begin with *Underhill v Safeco Insurance Co,* 76 Mich App 13, 15; 255 NW2d 349 (1976). Plaintiff motorcyclist was insured under a motorcycle policy that did not include no-fault PIP benefits. Plaintiff was injured in a collision with a motor vehicle and sought to recover PIP benefits from the insurer of the motor vehicle. The Court said:

"Since, in the instant case, plaintiff was not operating a 'motor vehicle' under the act, he was not required to maintain security for the payment of personal protection insurance benefits. However, since defendant's insured was the owner of a four-wheel vehicle, he was required to maintain security for the payment of personal protection insurance benefits. Further, because plaintiff was not the owner of a 'motor vehicle' which was involved in the accident, he is not precluded from

receiving benefits under the exclusion provided in MCLA 500.3113; MSA 24.13113. MCLA 500.3115; MSA 24.13115 provides that an individual who suffers accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits first from the insurers of owners or registrants of motor vehicles which are involved in the accident. This is precisely the action plaintiff took and precisely the action upheld by the court below."

Next, in *Davidson v Johnson*, 76 Mich App 497; 257 NW2d 139 (1977) (hereinafter *Davidson I*) (affirming in part and reversing in part), *on rehearing*, 79 Mich App 660; 262 NW2d 887 (1977) (hereinafter *Davidson II*) (modifying and affirming as modified), this Court considered the no-fault act's application to slightly different facts.[1] There each plaintiff motorcyclist was covered under a PIP endorsement to his automobile insurance policy containing a $5,000 deductible. The Court in *Davidson I* agreed with and adopted the reasoning quoted above from *Underhill, supra,* and concluded that "The motorcyclist can recover (in the same way as a pedestrian) upon the no-fault policy covering the automobile involved in the accident". *Davidson I, supra,* at 501.

The *Davidson I* Court went on to consider the effect of the cross-reference in § 3115,[2] read in

---

[1] I recognize that the *Davidson* panel reversed itself, in part, on the question of the validity of the $5,000 deductible provision here at issue, and that the opinion issued on rehearing superseded the opinion in that case published at 76 Mich App 497; 257 NW2d 139 (1977). *Davidson II (On Rehearing),* 79 Mich App 660, 662, fn 1; 262 NW2d 887 (1977). I believe that the first opinion in *Davidson* was the better reasoned, and rely on it for its logical support of my own position on this question.

[2] MCLA 500.3115(1); MSA 24.13115(1), which provides: *"Except as provided in subsection (1) of section 3114,* a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

conjunction with § 3105,[3] and concluded:

> "*One can see the legislative intent to tie responsibility to the motor vehicle involved in the accident.* If there are two motor vehicles, then each party recovers upon his own policy, *but it is farfetched to reach other insurance just because it might be construed to apply where not required by the act.* Statutes must be read so as to harmonize, to be constitutional. We are asked to declare the troublesome § 3109 unconstitutional as a denial of the Equal Protection Clause (US Const, Am XIV) or as a violation of the separation of powers (Const 1963, art 3, § 2) between legislative and administrative bodies. This inquiry is suggested because of the difficulty in reconciling §§ 3114 and 3115. The public is better served by an interpretation of the sections that will result in certainty, rather than further declarations of invalidity and uncertainty. *Where a motor vehicle is involved, the insurance on that vehicle shall be primary.* Where a section of the statute deals with non-occupants, it shall be given meaning. Cross-references in statutes should not be used to pervert an otherwise harmonious statutory scheme. Section 3114 deals with occupants. Section 3115 refers to non-occupants throughout and we are dealing with a non-occupant. The cross-reference in substance means 'except when an occupant'. *There being only one motor vehicle involved, its coverage must bear the responsibility for the no-fault losses. The fact that by happenstance plaintiff had some nonrequired coverage does not alter the liability of the insurer of the motor vehicle involved in the accident.*" *Davidson I, supra,* at 502–503 (Emphasis added).

In my opinion, Judge MILLER's opinion in *Davidson I* comes closer to a correct interpretation of the meaning of the cross-reference in 3115(1) than does that of the majority or the opinion in *David-*

"(b) Insurers of operators of motor vehicles involved in the accident." (Emphasis added.)

Subsection (1) of § 3114, MCLA 500.3114(1); MSA 24.13114(1) provides, in pertinent part:

"[A] personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. *When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.*" (Emphasis added.)

[3] MCLA 500.3105; MSA 24.13105, which provides:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury *arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle,* subject to the provisions of this chapter." (Emphasis added.)

*son II* because it recognizes that motorcycles, because they are not "motor vehicles" as defined in the act,[4] are not included within the comprehensive scheme of no-fault coverage established by the act.[5] That a motorcyclist elects to purchase additional, nonrequired PIP coverage, included as an endorsement to his automobile policy, to cover medical expenses and lost wages (or to provide survivor's benefits)[6] to protect himself in the event of catastrophic injury resulting from an accident in which no motor vehicle is involved to whose PIP coverage he might look for recovery is irrelevant to the question of whose coverage is primary when a motor vehicle is in fact involved. *Cf. Shoemaker v National Ben Franklin Insurance Co of Michigan,* 78 Mich App 175; 259 NW2d 414 (1977). *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977).[7] A non-motor-vehicle-occupant

---

[4] Section 3101(2), MCLA 500.3101(2); MSA 24.13101(2), provides:

"(2) 'Motor vehicle' as used in this chapter, except for section 3103, means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power *which has more than two wheels."* (Emphasis added.)

In *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977), this Court upheld the *"exclusion"* of motorcycles from the no-fault act's coverage, holding that "such exclusion is reasonable and not 'essentially arbitrary' in view of the purpose of the act," which is "to insure the compensation of persons injured in *automobile* accidents". (Emphasis added.) The Court noted that "the only requirement for recovery [is that] there be a motor vehicle involved in the accident".

[5] The act requires only that "An owner or registrant of a motor vehicle with 2 wheels shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by a person arising out of the ownership, maintenance, or use of that motor vehicle". MCLA 500.3103; MSA 24.13103.

[6] *See* MCLA 500.3105, 500.3107, 500.3108; MSA 24.13105, 24.13107, 24.13108.

[7] In *Shoemaker* plaintiff motorcyclist collided with a farm tractor pulling a manure spreader on a public highway and attempted to recover no-fault benefits under his father's no-fault *automobile* insurance policy. The motorcycle was not insured under the automobile policy and the tractor and manure spreader were "implements of husbandry" excepted from registration, and hence not covered by the

motorcyclist who collides with a motor vehicle looks to the motor vehicle's insurers for compensation for his medical expenses and lost wages, according to the priorities set out in § 3115(1) (a) and (b). *Davidson I, supra.*

Additional support for this view is drawn from a careful reading of § 3114(1)[8] and (4).[9] Section 3114(4), which establishes the priorities of coverage in situations involving "occupants", includes the same cross-reference to § 3114(1) contained in § 3115(1), which establishes the priorities of coverage in nonoccupant situations. Section 3114(1) then establishes a separate priority of coverage, *applicable in both occupant and nonoccupant situations* by virtue of the cross-references to that section contained in §§ 3114(4) and 3115(1), whenever "personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse". MCLA 500.3114(1); MSA 24.13114(1).[10] Thus, whenever the injured person

no-fault act's definition of a "motor vehicle". The Court said that "it would work an absurdity to hold that plaintiffs can recover for injuries from a motorcycle accident, because of the fortuitous purchase of an automobile no-fault policy, after the Legislature went to great lengths to exclude tractors and motorcycles from coverage under the act". *Id.,* at 178. It is in just such a situation that the PIP endorsement to plaintiff's automobile policy in this case would come into play to provide protection when none other was available because no "motor vehicle" was involved in the accident.

The Court reached the same result in *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977). *See* fn 4, *supra.* In *Hill* only plaintiff's motorcycle was involved in the accident.

[8] *See* fn 2.

[9] MCLA 500.3114(4); MSA 24.13114(4) provides:

"*Except as provided in subsections (1) to (3),* a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied."

[10] The first sentence of that section provides:

could recover from either his own policy or the policy of another person whose coverage is applicable to him under the first sentence of that section, because he is a related member of the same household, § 3114(1) merely establishes the priority of coverage as among those policies. It is plain, therefore, that § 3114(1) has no application in this case, because no question of priority of coverage as among insurers of related members of the same household is here involved.

This is the fundamental misunderstanding from which the majority opinion proceeds: The majority reads § 3114(1) as merely providing that when a nonoccupant has PIP coverage of his own, he must look solely to his own coverage for recovery. This view is insupportable, not only because § 3114(1) is inapplicable by its own terms to the situation at bar, but also because plaintiff's optional PIP coverage is not within the framework of the act;[11] it is coverage provided by plaintiff's automobile insurer as a service to a (motorcyclist) automobile policy owner to safeguard against catastrophic loss arising from an accident in which no "motor vehicle", under the act's definition, is involved.

From the foregoing analysis, I conclude that the cross-reference, to which the majority would properly give effect,[12] does not come into play, and that

"Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household."

I conclude that § 3114(1) must be read without reference to the priorities contained in § 3115(1) and § 3114(4), since the priorities established in § 3114(1) apply only to the limited situation in which questions of coverage arise as among multiple insurers of related members of the same household *as a result of* the first sentence of § 3114(1), defining the class covered by personal protection insurance.

[11] *See Shoemaker, supra,* fn 7, and *Hill, supra,* fns 4 and 7.

[12] It is in this respect alone that I differ with the *Davidson I* Court, which appears to have taken the position that the cross-reference in

therefore the priorities established for nonoccu-pants in § 3115(1) apply. It is thus unnecessary to consider the constitutionality of the $5,000 deduct-ible formerly[13] authorized by the commissioner. If the question were presented for our decision, how-ever, I would uphold such a deductible insofar as it applied only to the coverage provided for a non-motor vehicle not included within the scope of the act,[14] and thus not required to maintain *any* PIP coverage. See MCLA 500.3101(2), 500.3105; MSA 24.13101(2), 24.13103. *Cf. Shoemaker, supra,* at 179 (admitting the possibility of recovery in a non-motor-vehicular accident situation under some other "contractual provision on which liability can be based"). This result would follow from the fact that such a deductible is neither authorized nor prohibited by § 3109 of the no-fault act. The provi-sions of the no-fault act pertaining to the coverage required for a "motor vehicle", as that term is defined in the act, simply have no bearing upon the validity of an optional endorsement providing PIP coverage for a non-motor vehicle.

§ 3115(1) would not be given effect in order to harmonize the act, rather than recognizing that the cross-reference simply did not come into play because no question of multiple insurance coverage as among related members of the same household was there involved.

[13] "Section 3109a was added by 1974 PA 72, and at that time the commissioner rescinded the $5,000 deductible authorization and per-mitted an additional premium for the endorsement." *Davidson v Johnson,* 76 Mich App 497, 499; 257 NW2d 139 (1977), *Davidson v Johnson (On Rehearing),* slip opinion at p 2, 79 Mich App 660 (1977).

[14] In this case the $5,000 deductible applies only "if the named insured or relative sustains bodily injury while occupying a two (2) wheel motor vehicle owned by the named insured or a relative". Of course, if the $5,000 deductible approved by the commissioner applied to automobile PIP coverage, it would be in excess of the $300 maxi-mum deductible permitted under § 3109(3), MCLA 500.3109(3); MSA 24.13109(3), and a different question would be presented. That is not our case, however.

I note that under newly enacted § 3109a, MCLA 500.3109a; MSA 24.13109(1), such a deductible would be permissible if "reasonably related to other health and accident coverage on the insured".

Since, in this case, plaintiff has settled his claims against the owner and insurer of the only motor vehicle involved in the accident, he is entitled to no additional recovery under his own policy. The catastrophic loss PIP provisions in plaintiff's automobile insurance policy endorsement providing coverage for plaintiff's motorcycle would come into play only if plaintiff had been injured in an accident not involving a motor vehicle.[15] Therefore I would reverse the summary judgment for Michigan Mutual, which was granted on erroneous grounds, and remand for entry of an order dismissing plaintiff's claims.

---

[15] It is unnecessary to consider whether this would be so if plaintiff had been injured in a collision with a motor vehicle owned or operated by a person related to plaintiff and domiciled in the same household, thus possibly invoking the separate priority provided for such situations by § 3114(1).