ESQUIVEL v AMERICAN FIDELITY FIRE INSURANCE
COMPANY

Docket No. 78-2121. Submitted March 7, 1979, at Detroit.—Decided
May 2, 1979.

Plaintiff Juan Esquivel was a pedestrian when he was struck by a
car driven by another. He and his wife, Olga, sued defendant,
American Fidelity Fire Insurance Company, for personal pro-
tection insurance benefits under a policy of insurance covering
an automobile owned by him but not involved in the accident.
The Wayne Circuit Court, Thomas J. Foley, J., granted defen-
dant's motion for summary judgment. Plaintiffs appeal. *Held:*

The no-fault act provides that, where a nonoccupant is cov-
ered either as owner or registrant of an insured motor vehicle
or as a member of the same household as an owner or regis-
trant, his own insurer is liable for any personal protection
benefits to which he may be entitled.

Reversed.

Automobiles — Statutes — No-Fault Insurance.

The no-fault act provides that, where a nonoccupant is covered
either as owner or registrant of an insured motor vehicle or as
a member of the same household as an owner or registrant, his
own insurer is liable for any personal protection benefits to
which he may be entitled (MCL 500.3114; MSA 24.13114).

*Begole & Gray,* for plaintiffs.

*Simon & Fried* (by *Christopher M. Seikaly),* for
defendant.

Before: N. J. Kaufman, P.J., and T. M. Burns
and R. M. Maher, JJ.

R. M. Maher, J. Plaintiffs appeal from the trial

Reference for Points in Headnote
New Topic Service Am Jur 2d, No-Fault Insurance § 18.

court's order granting defendant's motion for summary judgment on their claim for personal protection insurance benefits under a contract of no-fault automobile insurance between plaintiffs and defendant.

Plaintiff Juan Esquivel (hereafter referred to as plaintiff) was struck by an automobile operated by one Gordon Campbell. Plaintiff was a pedestrian at the time of the accident. He sought personal protection insurance benefits from defendant under a policy of insurance covering an automobile owned by plaintiff but not involved in the accident. The trial court granted summary judgment for defendant, on grounds that any recovery by plaintiff must be from the insurer of the automobile which struck plaintiff.

We reverse.

Priority of insurance coverage where more than one policy may provide coverage of a given accident is governed by §§ 3114 and 3115 of the insurance code, MCL 500.3114; MSA 24.13114, MCL 500.3115; MSA 24.13115. Section 3115 provides in pertinent part:

"(1) *Except as provided in subsection (1) of section 3114,* a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident." (Emphasis added.)

Subsection (1) of § 3114 provides:

"(1) Except as provided in subsections (2) and (3), *a personal protection insurance policy applies to acciden-*

*tal bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household.* When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." (Emphasis added.)

In *Porter v Michigan Mutual Liability Co,* 80 Mich App 145, 149-150; 263 NW2d 318 (1977), this Court discussed the relationship between sections 3114 and 3115:

"Under § 3115(1), a person injured in an automobile accident while other than an occupant of a motor vehicle must claim PIP benefits, as between insurers of the automobile owner and operator, first from the insurer of the owner. Since a motorcyclist is, under the act, not an occupant of a motor vehicle, the motorcyclist injured in an automobile accident may recover from insurers of the owner, and then operator, of the automobile. However, this priority section is not controlling in this case.

"Section 3115(1) is qualified by § 3114(1). Section 3114(1) indicates that when PIP benefits are payable to an insured under his own policy, his insurer must pay all of these benefits even though the insured is also covered under another policy. Michigan Mutual, the company which issued the policy under which plaintiff was insured, is therefore liable to plaintiff for PIP benefits. Even though injured on a motorcycle, plaintiff may recover PIP benefits from his own insurer."

Accord, *Piersante v American Fidelity Fire Ins Co,* 88 Mich App 607, 612; 278 NW2d 691, where the Court succinctly summarized the holding of *Porter:*

"By virtue of the reference to MCL 500.3114; MSA

24.13114 at the outset of MCL 500.3115; MSA 24.13115, the Court placed the motorcyclist's own automobile insurer at the top of the priority list of MCL 500.3115; MSA 24.13115."

Although both *Porter* and *Piersante* dealt with motorcyclists rather than pedestrians, their reasoning is applicable to pedestrian-automobile accidents as well.

The trial court in its decision relied on *Davidson v Johnson,* 76 Mich App 497; 257 NW2d 139 (1977) *(Davidson I),* in which a panel of this Court held that a motorcyclist struck by an automobile must claim benefits from the insurer of the owner, registrant or operator of the automobile involved in the accident, even though the motorcyclist was a named insured under a policy of no-fault insurance covering an automobile owned by himself or a member of his household. See also *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977). On rehearing, however, the same panel ordered that the plaintiff motorcyclists be paid personal protection insurance benefits by their own insurance companies rather than by the insurers of the automobiles involved in the accidents, thus in effect reversing *Davidson I, Davidson v Johnson (On Rehearing),* 79 Mich App 660; 262 NW2d 887 (1977).

The *Davidson I* Court held that § 3115 established priorities for all nonoccupants injured in automobile accidents, while § 3114 established priorities only for occupants of motor vehicles, thus giving no effect to the reference to § 3114 in the first sentence of § 3115. We are of the opinion that § 3115 establishes priorities for those nonoccupants who are not otherwise covered, as, for example, where neither the nonoccupant nor anyone in his household owns an automobile. Where the nonoc-

cupant is covered either as owner or registrant of an insured motor vehicle or as a member of the same household as an owner or registrant, § 3114 provides that his own insurer must pay him personal protection benefits.

We adopt the reasoning of *Porter, supra,* and *Piersante, supra,* and hold that plaintiff is entitled to claim personal protection benefits from defendant for any injuries suffered when he was struck by an automobile while a pedestrian. To the extent that the contrary holding of *Davidson I* survives, we decline to follow it.[1]

Reversed. No costs, construction of a statute being involved.

---

[1] We do not believe that *Underhill v Safeco Ins Co,* 76 Mich App 13; 255 NW2d 349 (1976), cited in *Davidson I,* is to the contrary. There is no indication in the *Underhill* opinion that the motorcyclist therein was covered by a no-fault policy on an automobile registered to himself, his spouse or a relative domiciled in the same household. The Court in *Underhill* did not address the relationship between §§ 3114 and 3115.