BRAY v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 78-4372. Submitted June 5, 1979, at Grand Rapids.— Decided August 21, 1979.

Allen L. Bray obtained insurance from Frankenmuth Mutual Insurance Company to cover a pickup truck in October of 1975. In April of 1976, he transferred the insurance and premium on the pickup truck to a 1976 Yamaha motorcycle. Following the transfer of insurance he was injured when his motorcycle went out of control. No other vehicles were involved in the accident. Bray brought an action against Frankenmuth for personal injury protection benefits resulting from the motorcycle accident. Summary judgment for plaintiff, Manistee Circuit Court, Charles A. Wickens, J. Defendant appeals, alleging that in cases where a motorcyclist has purchased nonrequired personal injury protection coverage, that coverage applies only to collisions involving the motorcycle and a motor vehicle, as that term is used under the Michigan no-fault act. *Held:*

The sole purpose of plaintiff's policy with defendant was to provide insurance coverage for the motorcycle. After the transfer of coverage from the pickup to the motorcycle, defendant retained plaintiff's premium and did not effectively cancel plaintiff's personal injury protection coverage. While motorcycle owners are not required to maintain personal injury protection insurance under the no-fault act, the plaintiff had effectively purchased nonrequired injury protection coverage for his motorcycle. Where a motorcycle owner has elected to pay for this type of nonrequired coverage and is injured while riding his motorcycle he is entitled to the coverage purchased and may enforce the contract.

Affirmed.

1. AUTOMOBILES — INSURANCE — MOTORCYCLES — PERSONAL INJURY PROTECTION-NO FAULT — STATUTES.

Motorcycle owners are not required to maintain personal injury

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur New Topic Service, No Fault Insurance § 17.

Validity and construction of "no fault" automobile insurance plans. 42 ALR3d 229.

What constitutes a "motor vehicle" covered under no fault insurance. 60 ALR3d 651.

protection insurance under the Michigan no-fault act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*).

2. AUTOMOBILES — INSURANCE — MOTORCYCLES — PERSONAL INJURY PROTECTION — NO FAULT.

The purchase of personal injury protection insurance by a motorcyclist is not required by the no-fault act; however, where a motorcycle owner has elected to pay for this type of nonrequired coverage, and is injured while riding his motorcycle, he is entitled to the coverage purchased and may enforce the insurance contract.

*Jennings & DeVries,* for plaintiff.

*John D. Hayes,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

B. D. BURDICK, J. Defendant appeals an order of summary judgment in favor of plaintiff, on the issue of liability only, in plaintiff's action against defendant for personal injury protection (PIP) benefits allegedly due plaintiff as the result of a motorcycle accident.

Both parties made motions for summary judgment on the question of liability. The parties agreed on the facts for purposes of those motions. Plaintiff obtained insurance through the defendant for a pickup truck in October of 1975. In April of 1976, plaintiff transferred the insurance and premium on the pickup truck to a 1976 Yamaha motorcycle. The parties agreed, for purposes of the summary judgment, that the original insurance policy was in effect at the time of the accident and that there had been no statutorily effective cancel-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lation of plaintiff's personal injury protection benefits.

On appeal, the defendant argues that even in cases where a motorcyclist has purchased nonrequired personal injury protection coverage, that coverage applies only to collisions involving the motorcycle and a motor vehicle, as that term is defined under the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The plaintiff in this case was injured when his motorcycle went out of control; there were no other vehicles involved in the accident. Thus, defendant argues, no personal injury protection coverage existed.

This Court does not accept defendant's argument. As conceded by the defendant for purposes of the summary judgment, defendant undertook to transfer plaintiff's insurance coverage from plaintiff's pickup truck to plaintiff's motorcycle. The defendant retained plaintiff's premium and did not effectively cancel plaintiff's personal injury protection benefits. It is undisputed that the sole purpose of plaintiff's policy with the defendant was to provide insurance coverage for the motorcycle. While motorcycle owners are not *required* to maintain personal injury protection insurance pursuant to the no-fault act, the plaintiff in this case had effectively purchased nonrequired personal injury protection coverage for his motorcycle.

In *Porter v Michigan Mutual Liability Co,* 80 Mich App 145, 150; 263 NW2d 318 (1977), *lv gtd* 403 Mich 851 (1978), this Court held that a motorcycle owner who has elected to pay for this type of nonrequired PIP coverage may enforce the contract, subject to the requirements of the act, even though he was injured on a motorcycle. The plaintiff in this case elected to purchase the same type of nonrequired PIP coverage for his motorcycle as

was present in *Porter* and, thus, was entitled to the coverage purchased. The insurance liability present in *Porter* was not based, as defendant suggests, on the fact that another motor vehicle was involved in the accident.[1]

Judge DANHOF wrote a dissenting opinion in *Porter,* in which he argued that when a motorcyclist has purchased optional PIP coverage which is not within the framework of the act, the PIP priorities established for nonoccupants of motor vehicles in MCL 500.3115(1); MSA 24.13115(1), apply. The dissenting opinion specifically acknowledged, however, that the optional PIP coverage would apply in a case of this type in which no motor vehicle was involved:

"* * * [P]laintiff's optional PIP coverage is not within the framework of the act; it is coverage provided by plaintiff's automobile insurer as a service to a (motorcyclist) automobile policy owner to safeguard against catastrophic loss arising from an accident in which no 'motor vehicle', under the act's definition, is involved." *Porter, supra,* at 158.

Thus, the plaintiff in this case was entitled to the optional PIP coverage for his motorcycle which he had effectively purchased from the defendant. Accordingly, the trial court's order granting plaintiff's motion for summary judgment is affirmed.

---

[1] Distinguish *Piersante v American Fidelity Insurance Co,* 88 Mich App 607; 278 NW2d 691 (1979), in which plaintiff's insurance carrier was responsible for PIP benefits, in the absence of optional PIP motorcycle coverage, because a motor vehicle, as statutorily defined, was involved in the accident.