WIENER *v.* VALLEY STEEL CO.

1. GARNISHMENT—DISCLOSURE—APPEARANCE—DEFAULT.
    Letter written by garnishee defendant to clerk of court denying
    indebtedness to principal defendant was not disclosure re-
    quired by statute (3 Comp. Laws 1929, § 14857), but, as an
    act in behalf of appearance, on filing in the case, it com-
    manded notice by plaintiff, at least to extent of moving that
    it be stricken from files before entry of default.

2. SAME—JUDGMENT—DEFAULT BASED ON FILES AND RECORDS.
    Before entering default, examination of files is required, since
    default is based on files and records and failure of garnishee
    to file its appearance and disclosure.

3. SAME—APPEARANCE—SUFFICIENCY OF SERVICE.
    Filing of letter written by garnishee defendant to clerk of court
    denying indebtedness to principal defendant, in response to
    service of writ, bars garnishee from questioning sufficiency of
    officer's return of service.

4. COURTS—ORDER OF CIRCUIT JUDGE NOT REVIEWABLE BY ANOTHER
   IF ORIGINAL JUDGE AVAILABLE.
    Order of circuit judge setting aside garnishee defendant's de-
    fault may not be reviewed by any other circuit judge while
    judge making order is available.

Appeal from Wayne; Miller (Guy A.), J.  Sub-
mitted April 15, 1931.  (Docket No. 91, Calendar
No. 35,592.)  Decided June 1, 1931.

Garnishment proceedings by Norman H. Wiener,
doing business as Albion Iron & Metal Company,
against Valley Steel Company, an Ohio corpora-
tion, principal defendant, and M. Cohen & Sons
Company, an Ohio corporation, garnishee defend-
ant.  Judgment against garnishee defendant is re-
viewed by it on appeal.  Reversed, and new trial
granted.

*Morris Garvett,* for plaintiff.

*Butzel, Levin & Winston* (*Soltz & Morris* and *Carl L. Whitchurch,* of counsel), for garnishee defendant.

Wiest, J. This is an appeal by a garnishee defendant. The garnishee, a foreign corporation, instead of making the disclosure required by statute (3 Comp. Laws 1929, § 14857), sent a letter to the clerk of the court denying indebtedness to the principal defendant. This letter was filed in the case March 5, 1926. The plaintiff entered default of the garnishee defendant, for want of disclosure, on April 1, 1926, and again on November 30, 1926. May 21, 1930, plaintiff sent notice to the garnishee defendant of entry of such judgment and that, at the expiration of 60 days from the entry thereof, application would be made to the court for judgment against the garnishee defendant. June 20, 1930, the garnishee defendant filed a motion to set its default aside. This motion was heard by Judge Boomhower of the 24th circuit, sitting in the third circuit, and "counsel appearing for both interested parties and an oral argument having been had on said motion," the default was set aside and leave to file disclosure granted. July 1, 1930, a disclosure in due form, denying liability, was filed. No review of the order setting aside the default was had. The garnishee issue came to trial before Judge Miller on November 12, 1930. Upon motion of plaintiff he set Judge Boomhower's order aside, restored the default, and entered judgment against the garnishee defendant. This appeal followed.

The letter was not a disclosure, but would have constituted an appearance by the garnishee defend-

ant had notice thereof been given the attorneys for the plaintiff. As an act in behalf of appearance, upon filing in the case, it commanded notice by plaintiff, at least to the extent of moving that it be stricken from the files before entry of default. Before entering default, an examination of the files was required. The default entered was based upon the files and records and failure of the garnishee "to file its appearance and disclosure." Had notice of the filing of the letter been served upon attorneys for plaintiff, the garnishee defendant would have been entitled to notice of the default. 3 Comp. Laws 1929, § 14121, and cases cited in the footnotes. The filing of the letter, in response to the service of the writ, bars the garnishee from now questioning the sufficiency of the officer's return of service. Whether Judge Boomhower, in setting aside the default, considered it void under the state of the record at the time of entry, and, therefore, the limitation of time by rule did not apply, is not disclosed. If Judge Boomhower acted without jurisdiction, plaintiff should have moved him to vacate the order and have reviewed in this court, in case of refusal. Review could not be made by any other circuit judge while Judge Boomhower was available.

The judgment against the garnishee defendant is reversed, and a new trial granted, with costs against plaintiff.

CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.