BURKHEISER *v.* CITY OF DETROIT.

1. COURTS—LAW OF THE CASE—REINSTATEMENT OF WAR VETERAN—
ACTION FOR WAGES.

> In case where war veteran who brought mandamus to compel
> his reinstatement as sewer construction inspector and payment
> for time he was laid off, erroneous order directing reinstate-
> ment from which no appeal was taken is the law between same
> parties in action for recovery of wages to which court re-
> mitted plaintiff upon granting reinstatement.

2. TRIAL—DIRECTED VERDICT—QUESTION FOR JURY—WAIVER.

> In war veteran's action against city for wages, error in failing
> to submit question of fact as to his acquiescence in his lay-
> off arising out of his delay in seeking reinstatement and mak-
> ing claim for lost compensation, if evidence disclosed it was
> one of fact, was not lost to defendant by reason of having
> asked for directed verdict where it preferred requests for
> instructions as to acquiescence before verdict was directed for
> plaintiff.

3. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS—WAR VET-
ERAN'S WAGES DURING LAY-OFF.

> Charter provision requiring that unliquidated claim be verified
> when presented to common council and that court action on
> any claim may be barred by claimant's failure to present claim
> to council *held,* applicable to war veteran's claim for wages as
> inspector of sewer construction during period he was laid off
> (Detroit charter, title 6, chap. 7, § 11).

4. JUDGMENT—SETTING ASIDE SUA SPONTE.

> Judgment for plaintiff remains of record notwithstanding that
> after such judgment the trial judge *sua sponte,* in an opinion,
> set it aside and granted defendant's motion for a directed
> verdict but entered no judgment thereon, no right to recon-
> sider having been reserved under the so-called Empson act (3
> Comp. Laws 1929, § 14531).

5. NEW TRIAL—GRANTING SUA SPONTE.

> In action by war veteran against city for wages, after directed
> verdict for employee, court might, *sua sponte,* have granted
> new trial because employee failed to present claim to city
> council as required by charter.

6. SAME—AMENDMENT OF PLEADINGS.

New trial is granted where judgment in favor of plaintiff war veteran for wages from city is reversed after verdict had been directed for defendant following entry of judgment for plaintiff and plaintiff's counsel had sought leave to amend to show presentation of claim to common council and its denial, since amendment, if made and established by proof, might remedy defect.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 8, 1935. (Docket No. 18, Calendar No. 37,845.) Decided March 5, 1935.

Assumpsit by Martin N. Burkheiser against City of Detroit, a municipal corporation, and others for wages. Directed verdict and judgment for plaintiff. Defendants appeal. Reversed and new trial granted.

*Wm. Henry Gallagher* (*Francis Fitzgerald* and *Lewis E. Goldstein,* of counsel), for plaintiff.

*Clarence E. Page* and *Walter E. Vashak,* for defendants.

WIEST, J. Plaintiff, a Spanish war veteran, was employed at a daily wage by the city of Detroit as an inspector of sewer construction. The work was seasonal and he was employed from June 29, 1929, until November of that year when, along with some others, he was laid off for lack of work and his name placed on the preferred list for reemployment in line with seniority.* In December, 1930, he petitioned the circuit court for the county of Wayne to issue a writ of mandamus, requiring the city to reinstate him in the employment, and also pay for

* Act No. 205, Pub. Acts 1897, as amended, being 1 Comp. Laws 1929, §§ 900–903, is entitled: "An act to prefer ex-soldiers for public employments."

the time he was laid off. The court directed reinstatement but remitted him to an action at law as to compensation while laid off. He was reinstated and no appeal taken from the order of the court. September 1, 1932, he brought the suit at bar to recover compensation during the time he was laid off and, under directed verdict, had judgment.

The decision in the mandamus proceeding was erroneous, as pointed out in the subsequent case of *Swantush* v. *City of Detroit,* 257 Mich. 389, but, by reason of no appeal, is the law between the parties to this case.

At the close of all the proofs both parties moved for directed verdicts but, before verdict was directed in favor of plaintiff, counsel for defendants preferred requests for instructions to be given the jury, one being upon the subject of acquiescence by plaintiff in his lay-off arising out of his delay in seeking reinstatement and making claim for lost compensation. If the evidence disclosed that such question was one of fact for the jury then it should have been so submitted and the error was not lost to defendants by reason of having previously asked for verdict at the direction of the court. *Kane* v. *Detroit Life Ins. Co.,* 204 Mich. 357.

If plaintiff felt that he should have been reinstated he ought to have moved promptly and have brought the subject to determination.

Upon appeal counsel for the city also contend that the charter of the city bars this suit, because plaintiff did not present his claim to the city council for allowance, while counsel for plaintiff urges non-applicability of the charter provision because the claim was liquidated in nature.

Section 11, chapter 7, title 6, charter of the city of Detroit, provides:

"The common council shall audit and allow all accounts chargeable against the city, but no unliquidated account, or claim, or contract shall be received for audit or allowance unless it be accompanied by an affidavit of the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered to the city, and that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists, nor payment has been made on account thereof, except as are included or referred to in such account or claim. It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance or if on contract that it was presented without said affidavit and rejected for that reason or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."

The charter provision is applicable to the case at bar. *Moulthrop* v. *City of Detroit,* 218 Mich. 464.

The trial judge, after judgment, *sua sponte,* in an opinion, set the judgment aside and granted the motion of defendants for a directed verdict of no cause of action because of failure of plaintiff to show presentation of his claim to the city council as required by the city charter.

No judgment appears to have been so entered, probably because right to reconsider had not been reserved under the so-called Empson act (3 Comp. Laws 1929, § 14531). Therefore, contrary to the present views of the trial judge, the judgment for plaintiff remains of record.

The court might, *sua sponte,* have granted a new trial but did not do so.

At the trial the court ruled that plaintiff's claim did not fall within the charter provision requiring presentation to the city council before suit thereon. Therefore, plaintiff did not amend his declaration to aver such presentation or offer proof on that subject. The mentioned ruling was upon defendants' objection that the declaration did not aver a presentation of the claim, and after counsel for plaintiff had asked leave to amend the pleadings to allege that the claim was made and denied. The amendment, if made and established by proof, may meet the charter provision and avoid dismissal of the suit and, to that end, reversal here should be with a new trial.

The judgment is reversed and a new trial granted, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.