KALAKAY v FARMERS INSURANCE GROUP

Docket No. 58343. Submitted July 12, 1982, at Detroit.—Decided October 19, 1982. Leave to appeal applied for.

John Kalakay was injured when his motorcycle collided with an automobile driven by Irene Thayer. Kalakay's motorcycle was not insured for no-fault insurance benefits. He brought an action for negligence against Thayer and later added her insurer, Farmers Insurance Group, as a defendant. Plaintiff later discovered that coverage was available to him under his sister's policy with Detroit Automobile Inter-Insurance Exchange. Based on case law, the trial court granted summary judgment in favor of plaintiff against Farmers. While the case was pending on appeal it was stipulated that DAIIE be added as a party defendant because of a change in the case law which now would require that a plaintiff, in circumstances similar to those in this case, must collect no-fault benefits from his own insurer. The Court of Appeals subsequently affirmed the summary judgment in favor of plaintiff but the Supreme Court summarily reversed and remanded the case to the trial court. 407 Mich 943 (1979). Defendant Thayer was dismissed by stipulation. On remand, the Macomb Circuit Court, Raymond R. Cashen, J., granted summary judgment in favor of Farmers, and granted accelerated judgment in favor of DAIIE based upon the expiration of the period of limitations. Plaintiff appeals, alleging that the Court of Appeals should hold that the statute of limitations does not apply in this case because at the time he brought the original suit the state of the law required that he sue Farmers rather than DAIIE. *Held:*

The statute of limitations was not tolled during the time the law was unsettled. The plaintiff was aware that the law was unsettled and failed to act with due diligence to bring an action against DAIIE. The grant of accelerated judgment was proper.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 288.

[2] 51 Am Jur 2d, Limitation of Actions § 140.

1. Limitation of Actions — Tolling of Statute — Suing Wrong Party.

   Generally, a statutory period of limitation is not tolled where a plaintiff sues the wrong party; the determination of whether a limitation period is tolled by such a suit is dependent upon the particular circumstances of the case.

2. Limitation of Actions — Appeal.

   The Court of Appeals, in determining whether a plaintiff's suit is barred by the statute of limitations where the plaintiff claims that he could not have brought the suit earlier because the law did not allow him to sue that particular defendant, considers the conduct of the defendant and whether he had actual notice and the plaintiff's exercise of due diligence and his capacity to sue.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate* and *John A. Obee),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Thomas P. Rockwell),* for Farmers Insurance Group.

*Nunneley, Hirt, Rinehart & Cermak, P.C.* (by *W. John Stenton* and *Keith D. Cermak),* for Detroit Automobile Inter-Insurance Exchange.

Before: T. M. Burns, P.J., and Beasley and C. W. Simon,* JJ.

Per Curiam. Plaintiff appeals as of right from the entry of accelerated judgment for defendant Detroit Automobile Inter-Insurance Exchange and the entry of summary judgment for defendant Farmers Insurance Group.

On June 21, 1975, plaintiff was injured when his motorcycle collided with a car driven by Irene Thayer. His motorcycle was not insured for no-fault benefits. On March 2, 1976, he sued Thayer

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for negligence. He subsequently, on June 18, 1976, amended the complaint naming Farmers as a party defendant. The parties eventually settled the claim against Thayer and stipulated that she be dismissed from the suit.

On September 16, 1976, plaintiff's sister testified in a deposition that she owned no-fault automobile insurance with DAIIE and that that insurance covered plaintiff.

On July 6, 1977, *Davidson v Johnson,* 76 Mich App 497; 257 NW2d 139 (1977), was decided. It stated that in such a situation the motorcycle driver is to recover from the car owner's insurance company. This same decision was reached in *Underhill v Safeco Ins Co,* 76 Mich App 13; 255 NW2d 349 (1976), released for publication July 20, 1977. Based on *Davidson,* the trial court granted summary judgment in the present case for plaintiff against Farmers. The order granting summary judgment was dated November 22, 1977.

That day a split on this issue developed in this Court. *Hill v Aetna Life & Casualty Co,* 79 Mich App 725; 263 NW2d 27 (1977), followed *Davidson* and *Underhill* in ruling that the motorcycle driver must collect from the car owner's insurance company. However, *Davidson* was reversed on rehearing. 79 Mich App 660; 262 NW2d 887 (1977). The Court now ruled that the plaintiff must collect from his own insurance company. This same result was reached a few days later in *Porter v Michigan Mutual Liability Co,* 80 Mich App 145; 263 NW2d 318 (1977). Consequently, the parties stipulated on June 13, 1978, that DAIIE be added as a defendant.

This Court affirmed the summary judgment grant on January 5, 1979, based on *Underhill, Hill,* and the dissent in *Porter. Kalakay v Thayer,*

Docket No. 77-4880, unreported per curiam opinion. However, the Supreme Court unanimously decided the issue on October 29, 1979, in *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979), and followed *Davidson (On Rehearing)* and the majority in *Porter.* Subsequently, the Supreme Court summarily reversed the present case. 407 Mich 943; 286 NW2d 34 (1979).

On remand, the trial judge granted summary judgment for Farmers based on the Supreme Court's decision in *Underhill.* He simultaneously granted accelerated judgment for DAIIE holding that the statute of limitations had expired. MCL 500.3145(1); MSA 24.13145(1).

Suing the wrong party usually does not toll the statute of limitations. *Ciotte v Ullrich,* 267 Mich 136; 255 NW 179 (1934), Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, § 53, p 112. However, such a determination depends upon the particular circumstances of the case. *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349; 282 NW2d 317 (1979).

Plaintiff is arguing that this Court should, through its equitable powers, hold that the statute of limitations should not apply in this case to bar his suit against DAIIE. He claims that at the time he brought suit the law required him to sue Farmers—the car owner's insurance company—and that he then sued DAIIE within a reasonable time after discovering that the law might change. In effect, plaintiff is arguing that the equitable doctrine of *contra non valentem agere nulla currit praescriptio* (a prescription does not run against the party who could not bring a suit) should apply to this case. See *Sincox v Blackwell,* 525 F Supp 96 (WD La, 1981).

To a certain extent, a statute of limitations is

not always a mechanical bar. In an analogous situation, a balancing test applies. If the plaintiff files a motion to amend the complaint to add the defendant before the statute of limitations expires but the judge does not grant the motion until after the expiration, this Court will hold that the statute was tolled if the plaintiff demonstrates due diligence in discovery and complies with procedural rules. *Charpentier v Young,* 83 Mich App 145; 268 NW2d 322 (1978), *rev'd on other grounds* 403 Mich 851; 291 NW2d 926 (1978).

On balancing the interests, we look to the defendant's conduct (whether inequitable or not) on the one hand and to see if he had actual notice. See *Matti Awdish, Inc v Williams,* 117 Mich App 270; 323 NW2d 666 (1982). On the other hand, we look to the plaintiff's due diligence and capacity to sue. See, *e.g., Foster v Woods,* 71 Mich App 147; 246 NW2d 387 (1976), *lv den* 399 Mich 805 (1977).

We would most likely hold for plaintiff if in fact he could not have sued DAIIE when he sued Farmers because the law then required him to sue Farmers. However, even if we assume that plaintiff exercised due diligence in discovering that DAIIE insures his sister's car, even if we assume that the statute did not already bar the suit at that time, and even if we assume that the six-month delay between the reversal of *Davidson* on rehearing and plaintiff's suit against DAIIE was not unreasonable, we find that plaintiff did not exercise due diligence in suing DAIIE. The doctrine of *contra non valentum agere nulla currit praescriptio* does not apply where the delay is due to the plaintiff's own neglect. *Sincox, supra.* At the time plaintiff sued Farmers and found out about DAIIE, the law was not clear but unsettled. The law did not become settled until July 6, 1977, ten

months after plaintiff knew about DAIIE. As such, he should have sued DAIIE at that time in the alternative as one plaintiff in *Davidson* had. See *Evernham v Selected Risks Ins Co,* 163 NJ Super 132; 394 A2d 373 (1978). Ignorance of the law usually does not toll a statute of limitations. *Richards v Mileski,* 213 US App DC 220; 662 F2d 65 (1981). Therefore, we affirm the trial judge's grant of accelerated judgment against plaintiff:

"It is not unjust to deny a plaintiff's claim when he has failed to notify a defendant within the period of limitations." *Meda v City of Howell,* 110 Mich App 179, 184; 312 NW2d 202, 204 (1981).

We also affirm the grant of summary judgment for Farmers Insurance Group. *Underhill, supra.*

Affirmed.