## TOTZKAY v DuBOIS (AFTER REMAND)

Docket Nos. *69698, 70269.* Submitted August 21, 1984, at Detroit.— Decided February 4, 1985.

Plaintiffs, William O. Totzkay and others, were the owners and the lessees of a building which was substantially destroyed by fire on April 4, 1975. Defendant, Joe DuBois, also known as David Good, allegedly caused the fire while repairing his automobile on the premises. Defendant had purchased the automobile from cross-defendants, Noah DeBerry and others. Plaintiffs brought suit against defendant in the Wayne Circuit Court on October 19, 1976, alleging tort liability. The defendant also brought a cross-claim against the cross-defendants seeking indemnity and contribution in the event he is held liable to the plaintiffs. Plaintiffs did not name defendant's insurer as a defendant when the complaint was filed, since the complaint was filed subsequent to the decision of the Court of Appeals in *Shavers v Attorney General,* 65 Mich App 355 (1975), which held that the property protection insurance sections in the no-fault insurance act were invalid, and consequently that tort liability was possible. Subsequently, the Michigan Supreme Court reversed the holding of the Court of Appeals in *Shavers* finding that the property protection insurance scheme of the no-fault act was constitutional and, therefore, tort liability as a basis of recovery for property damage arising from the ownership, maintenance, or use of an automobile was abolished. 402 Mich 554 (1978). In light of the Supreme Court's holding in *Shavers,* defendant filed a motion for summary judgment, as plaintiffs' complaint alleged only tort liability. The trial court, Joseph G. Rashid, J., granted a summary judgment to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 744.

[2, 3] 46 Am Jur 2d, Judges §§ 41, 45.

[3] 46 Am Jur 2d, Judges § 35.

Power of *successor or substituted judge, in civil case,* to render decision or enter judgment on testimony heard by predecessor. 22 ALR3d 922.

[4] 51 Am Jur 2d, Limitation of Actions § 37 *et seq.*

[5] 44 Am Jur 2d, Insurance § 1876 *et seq.*

defendant. The plaintiffs appealed from that order and the Court of Appeals held that the plaintiffs' complaint, filed prior to the Supreme Court's reversal of *Shavers,* was not barred as it had been proper at the time of its filing. The Court of Appeals remanded the case to the trial court with directions to "excise any tort liability allegations and determine whether the remaining allegations set forth a claim under the property protection insurance sections of the no-fault act". 107 Mich App 575 (1981). On remand, the case was initially assigned to Judge James A. Hathaway of the Wayne Circuit Court. Defendant moved for accelerated judgment on the ground that plaintiffs' action was barred by the running of the one-year period of limitation set forth in the no-fault act. The court denied defendant's motion on the basis of MCL 600.5805(8) which provides a three-year period of limitation for tort liability where property damage is involved. The case was subsequently reassigned to Judge Sharon Tevis Finch, who heard and granted plaintiffs' motion for summary judgment on the issue of defendant's liability. Finally, the case was assigned to Judge William J. Giovan for trial on the remaining issue of damages. Defendant renewed his motion for accelerated judgment on the basis of the one-year period of limitation contained in the no-fault act. After hearing arguments from both counsel, the court granted defendant's motion. Plaintiffs appeal from that order. The defendant cross-appeals from that order and all prior interlocutory orders. The trial court, William J. Giovan, J., also conducted hearings in defendant's cross-action against the cross-defendants and thereafter granted the cross-defendants' motion for summary judgment for failure to state a claim upon which relief can be granted. Defendant appeals from that order. The appeals were consolidated by the Court of Appeals. After remand, *held:*

1. The pretrial judge who initially denied defendant's motion for accelerated judgment was not absent or unable to act. The trial judge had no authority to hear the same motion. Therefore, since the trial judge acted outside the scope of his authority, defendant's motion for accelerated judgment now stands denied pursuant to the order of the pretrial judge.

2. The authority to hear subsequent motions concerning preliminary matters initially decided by a pretrial judge continues until those matters are finally and fully resolved. The reassignment of the case for trial purposes does not, in and of itself, work to make the pretrial judge absent or unable to act. Neither pretrial judge was absent or otherwise unavailable to fulfill judicial duties in Wayne County. The trial judge cannot,

under the circumstances, be considered the successor of the pretrial judges.

3. The one-year period of limitation found in the no-fault act was in effect at the time of the accident and governs this action. Plaintiffs' complaint must be dismissed as having been untimely filed.

Reversed.

1. Judgment — Appeal — Law of the Case.

A question of law decided by an appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same; the law of the case doctrine dispenses with the need for the appellate court to again consider legal questions determined in its prior decision and necessary to it.

2. Judgment — Appeal — Court Rules.

No judgment or order shall be set aside or vacated, and no proceeding under the judgment or order shall be stayed by any circuit judge except the one who made the judgment or order, unless he is absent or unable to act (GCR 1963, 529.2).

3. Trial — Pretrial Matters — Wayne Circuit Court Rules — Court Rules.

A Wayne County Circuit Court Rule provides that the authority of a pretrial judge to decide matters preliminary to trial ends when the trial begins, however, the authority to hear subsequent motions concerning preliminary matters initially decided by that judge prior to trial continues until those matters are finally and fully resolved; the reassignment of a case to a different judge for trial purposes does not, in and of itself, work to make the pretrial judge absent or unable to act and the trial judge is not to be considered the "successor" of the pretrial judge for purposes of the General Court Rule regarding the correction of error by other judges (GCR 1963, 529.2; WCCR 6.1[b]).

4. Limitation of Actions — Choice of Laws.

It is a general rule that the statute of limitations in effect at the time that the plaintiff's cause of action arose governs the action.

5. Insurance — No-Fault Insurance — Limitation of Actions.

The no-fault automobile insurance act provides that an action for the recovery of property protection insurance benefits shall not be commenced later than one year after the accident giving rise to the action (MCL 500.3145[2]; MSA 24.13145[2]).

*Charles E. Kovsky, P.C.* (by *Charles E. Kovsky*), for William O. Totzkay and others, and for Noah DeBerry and others.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Ernest R. Bazzana* and *Larry Mason*), for Joe DuBois.

#### AFTER REMAND

Before: SHEPHERD, P.J., and MACKENZIE and P. Nicolich,* JJ.

MACKENZIE, J. Plaintiffs were the owners and the lessees of a building which was substantially destroyed by fire on April 4, 1975. Defendant allegedly caused the fire while repairing his automobile on the premises. At the time of the accident, Michigan's no-fault automobile insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* had been in effect for over a year and a half.

In November of 1975, this Court, in an unrelated case, held that the property provisions of the no-fault act were unconstitutional. *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975). The plaintiffs in *Shavers* timely filed a motion for rehearing, which was denied, and subsequently filed a motion for leave to appeal to the Michigan Supreme Court. Leave was granted May 27, 1976. 396 Mich 869 (1976).

On October 19, 1976, more than 18 months after their building was destroyed by fire, plaintiffs filed an action against defendant alleging tort liability and requesting damages in excess of $10,000. Plaintiffs contended that they made no mention of the no-fault act in their complaint nor did they

---

* Circuit judge, sitting on the Court of Appeals by assignment.

name defendant's automobile insurer as a defendant because the property protection provisions of the no-fault act had been declared invalid in this Court's opinion in *Shavers, supra.*

In June of 1978, the Michigan Supreme Court reversed this Court's holding in *Shavers, supra,* finding that the property protection insurance scheme of the no-fault act was constitutional and, therefore, tort liability as a basis of recovery for property damage arising from the ownership, maintenance, or use of an automobile was abolished. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978).

In light of the Supreme Court's holding in *Shavers,* defendant filed a motion for summary judgment, as plaintiffs' complaint alleged only tort liability. This motion was granted by the trial court on April 22, 1980. On appeal from that order, this Court, in *Totzkay v DuBois,* 107 Mich App 575; 309 NW2d 674 (1981), held that plaintiffs' complaint, filed prior to the Supreme Court's reversal of *Shavers,* was not barred as it had been proper at the time of its filing. The panel remanded the case to the trial court with directions to "excise any tort liability allegations and determine whether the remaining allegations set forth a claim under the property protection insurance sections of the no-fault act". *Totzkay, supra,* p 579. We note that this holding was prior to *People v Phillips,* 416 Mich 63, 74; 330 NW2d 366 (1982), in which the Supreme Court found that a Court of Appeals decision from which a timely application for leave to appeal to the Michigan Supreme Court has been filed is of no precedential force.

Under the law of the case doctrine, however, our earlier decision in the instant case prevents us from basing our present holding on this ground. See *CAF Investment Co v Saginaw Twp,* 410 Mich

428, 455; 302 NW2d 164 (1981); *Burkheiser v Detroit,* 270 Mich 381, 383; 259 NW 125 (1935).

On remand, the case was initially assigned to Judge Hathaway of the Wayne County Circuit Court. Defendant moved for accelerated judgment on the ground that plaintiffs' action was barred by the one-year statute of limitations set forth in the no-fault act, MCL 500.3145(2); MSA 24.13145(2). The court denied defendant's motion on the basis of MCL 600.5805(8); MSA 27A.5805(8) which provides a three-year statute. of limitation for tort liability where property damage is involved. .

The case was subsequently reassigned to Judge Finch, who heard and granted plaintiffs' motion for summary judgment on the issue of defendant's liability.

Finally, the case was assigned to Judge Giovan for trial on the remaining issue of damages. Defendant renewed his motion for accelerated judgment on the basis of the one-year statute of limitations. After hearing arguments from both counsel, the court granted defendant's motion. Plaintiffs appeal as of right from that order and raise several issues.

First, given that the intitial pretrial judge denied defendant's motion for accelerated judgment, did the trial court thereafter have jurisdiction to grant the same motion? Plaintiffs argue no, and in support of their position cite GCR 1963, 529.2, which provides as follows:

"No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made the judgment or order, unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any

of the other judges of the circuit or any judge assigned to the circuit."

Defendant, on the other hand, argues that the authority of the pretrial judge ended at the time that the case was assigned for trial, citing Wayne Circuit Court Rule 6.1, and that, as the "successor" judge, the trial court had authority to review the decisions of his predecessor. Rule 6.1(b) provides:

"The judge to whom a civil case is assigned shall handle all preliminary matters until trial of the case begins. Following pretrial, if a matter comes before the judge which he believes should be decided by the trial judge, he shall refer the matter to the chief judge for disposition."

We agree with plaintiffs that the pretrial judge who initially denied defendant's motion was not "absent or unable to act" as envisioned by GCR 1963, 529.2, and hold that the trial court had no authority thereafter to hear the same motion. While under WCCR 6.1(b) the authority of a pretrial judge to decide matters preliminary to trial ends when the trial begins, the authority to hear subsequent motions concerning preliminary matters initially decided by that judge prior to trial continues until those matters are finally and fully resolved. In this regard, WCCR 119.8(a) provides that "[a] motion for rehearing will be assigned to the judge who heard the motion * * *". Clearly, this local court rule would have little meaning if it could be circumvented by merely waiting for reassignment to the trial judge. The record reflects that a motion for rehearing was never filed by defendant.

Nor do we think that the reassignment of a case for trial purposes, in and of itself, somehow works

to make the pretrial judge "absent or unable to act". The very existence of WCCR 6.1(b) belies such a contention. As a practical matter, no evidence has been presented which suggests that either pretrial judge was absent or otherwise unavailable to fulfill judicial duties in Wayne County. See *Derosia v Austin,* 115 Mich App 647, 654-655; 321 NW2d 760 (1982), *lv den* 417 Mich 949 (1983). Similarly, we cannot agree that under these circumstances the trial judge can be considered the "successor" of the pretrial judges. See, *e.g., Harry v Fairlane Club Properties, Ltd,* 126 Mich App 122; 337 NW2d 2 (1983), *lv den* 417 Mich 1100.31 (1983); *Parlove v Klein,* 37 Mich App 537; 195 NW2d 3 (1972).

Finally, the construction urged by defendant would be contrary to the policy behind GCR 1963, 529.2. See *Berar Enterprises, Inc v Harmon,* 101 Mich App 216, 228-229; 300 NW2d 519 (1980), citing 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 230. See also *Wiener v Valley Steel Co,* 254 Mich 681; 236 NW 905 (1931); *Cowen v Wayne Circuit Judge,* 296 Mich 678; 296 NW 837 (1941). As the trial court acted outside the scope of its authority, defendant's motion for accelerated judgment now stands denied pursuant to the order of the pretrial judge.

Next we consider the statute of limitations issue presented in defendant's motion which has been preserved for appeal pursuant to GCR 1963, 116.2. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 339. As defendant has cross-appealed from "all prior interlocutory orders", we are obligated to address the merits of that issue.

Before proceeding, we note that the "law of the case" doctrine, which prevents an appellate court from reconsidering an issue previously determined

by it in an earlier appeal of the same case, see *United States Fidelity & Guaranty Co v Liberty Mutual Ins Co,* 127 Mich App 365, 370; 339 NW2d 185 (1983), does not preclude our consideration of the statute of limitations question. That issue was never addressed by this Court in *Totzkay, supra,* nor was its determination necessary to that panel's holding. *U S Fidelity, supra,* p 371.

It is a general rule that "the statute of limitations in effect at the time the plaintiffs' cause of action arose governs". *Zatolokin v Grimm,* 99 Mich App 257, 262; 297 NW2d 900 (1980), *lv den* 410 Mich 916 (1981); *Wallisch v Fosnaugh,* 126 Mich App 418, 422; 336 NW2d 923 (1983), *lv den* 418 Mich 871 (1983); *Weiss v Bigman,* 84 Mich App 487, 495; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979). Neither party on appeal has suggested that the no-fault act was not in effect at the time of the accident. The applicable statute of limitations found in the act provides that "[a]n action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident". MCL 500.3145(2); MSA 24.13145(2). As noted above, plaintiffs' complaint was filed 18 months after the fire complained of. Therefore, we conclude that plaintiffs' complaint must be dismissed as having been untimely filed.

While acknowledging that a statute of limitations is not always an automatic bar to untimely complaints, we note that none of the exceptions found in MCL 600.5851 through 600.5855; MSA 27A.5851 through 27A.5855 worked to prevent the filing of plaintiffs' complaint within a one-year period. Nor is this an appropriate situation in which to invoke our equitable powers. See, *e.g., Huhtala v Travelers Ins Co,* 401 Mich 118, 132-134; 257 NW2d 640 (1977); *Kalakay v Farmers Ins*

*Group,* 120 Mich App 623, 626-628; 327 NW2d 537 (1982).

We do not consider the remaining issues which were briefed by defendant on appeal as they have been rendered moot by the dismissal of plaintiffs' complaint.

Reversed.