In re Richard Michael
**WILCOX, Debtor.**

**Michigan Web Press, Inc., Plaintiff,**

v.

**Richard Michael Wilcox, Defendant.**

**Bankruptcy No. 02–66238.**
**Adversary No. 03–4062.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 9, 2004.

Jerry M. Ellis, Farmington Hills, MI, for Debtor.

Mark H. Shapiro, Southfield, MI, pro se.

Daniel J. Sliwa, Dearborn Heights, MI, for Plaintiff.

Jerry M. Ellis, Farmington Hills, MI, for Defendant.

*OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter came before the Court at a hearing on June 8, 2004. Because Plaintiff

cannot establish all of the elements of a nondischargeability claim under either section 523(a)(4) or (6), Defendant's motion for summary judgment is GRANTED.

## I

### FACTUAL BACKGROUND

Debtor/Defendant, Richard Michael Wilcox, founded Plaintiff, Michigan Web Press, Inc., in 1979. Web was in the printing business. One of its customers was Associated Newspapers of Michigan, Inc. ("Associated"). By 1994, Associated was indebted to Web for several hundred thousand dollars.

Defendant became aware that Associated was experiencing financial difficulties and that Associated was seeking a buyer. Defendant eventually determined that he would form a new entity to purchase Associated. Defendant and his then wife, Kathy Wilcox,[1] formed a limited liability corporation, Michigan Community Newspapers, LLC, ("MCN") for the purpose of acquiring the assets of Associated. Defendant and Kathy Wilcox, as members and managers of MCN, signed a document authorizing the purchase. Defendant's Motion for Summary Judgment ("MSJ"), Ex. 4, Vote and Consent. MCN purchased the assets of Associated on September 16, 1994, for approximately $3 million. As part of the purchase agreement, MCN assumed liability for Associated's debt to Web. MSJ, Ex. 2, Notes to Financial Statements. In addition, MCN gave Associated a promissory note for payment of part of the purchase price, and thus MCN became indebted to Associated. Both Web and Defendant guaranteed MCN's debt to Associated. Defendant executed the Guaranty on behalf of himself individually and as President of Web.[2] MSJ, Ex. 5, Unconditional Guaranty and Agreement.

The Guaranty acknowledged that Associated agreed to accept the promissory note from MCN based on the guaranty of the debt by Defendant and Web and that Associated was induced to sell its assets to MCN based on the Guaranty.

> WHEREAS, *Associated is unwilling to enter into the Purchase Agreement and accept the Note in payment of part of the consideration paid for the Assets and is further unwilling to lease the Premises to MCN unless and until Guarantor [Wilcox and Web], jointly and severally, agreed to guaranty the obligations of MCN under the Purchase Agreement, the Note,* the Lease, the Non–Compete Agreement and the Production Agreement (including any and all notes executed in connection therewith); . . . .

> NOW THEREFORE, *in order to induce Associated to sell the Assets to MCN* in accordance with the Purchase Agreement and to lease the Premises to MCN upon the terms provided in the Lease, Guarantor does hereby, jointly, severally, absolutely and unconditionally guarantee to Associated . . . as follows . . . .

The Guaranty further acknowledged that the Guarantors would benefit from executing the Guaranty.

---

1. Kathy Wilcox is now Kathy Twardowski.

2. In September of 1994 when Defendant executed the Guaranty, Defendant, Kathy Wilcox, and Eric Burrough were the shareholders of Web. Defendant and Kathy Wilcox owned shares as tenants by the entireties and Burrough earned 5% of company stock per year, commencing in 1991. Subsequently, in 1996 Defendant and Kathy Wilcox divorced. As part of the divorce, Defendant conveyed his stock in Web to his ex-wife and she conveyed her interest in MCN to Defendant.

WHEREAS, *Guarantor is financially interested in MCN and Guarantor will derive economic benefits by Associated's sale of the Assets to MCN* in accordance with the Purchase Agreement and the lease of the Premises to MCN in accordance with the terms of the Lease as well as from the benefits derived by the terms and conditions of the Non–Compete Agreement and Production Agreement (including any notes executed pursuant thereto);

Ex. 5, Guaranty (emphasis added).

MCN defaulted on its payments due to Associated. Pursuant to the Guaranty, in 2001 Associated brought suit in state court against Plaintiff (Web).[3] On July 3, 2003, the state court awarded summary disposition in favor of Associated and against Plaintiff. MSJ, Ex. 6, Order Granting Plaintiff's Motion for Summary Disposition. Plaintiff appealed but later settled the action. As a result of its liability on the Guaranty and its settlement with Associated, Plaintiff is required to pay Associated certain damages. Plaintiff contends that Defendant is the party properly liable for the damages owed to Associated because Defendant breached his fiduciary duty when he executed the Guaranty from Web.

Defendant filed a Chapter 7 petition on November 5, 2002.[4] Plaintiff brought this Adversary Proceeding against Defendant on January 30, 2003. In the Adversary Complaint, Plaintiff claims that Defendant is liable for breaching his fiduciary duty by executing the Guaranty on behalf of Web. The Complaint further alleges that Defendant's liability for such breach of fiduciary duty is exempt from discharge under 11 U.S.C. § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity) and (6) (willful and malicious injury).

## II

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); Fed. R. Bankr.P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a fact finder could reasonably find for the non-movant; a "scin-

---

3. Both Plaintiff and Defendant discuss prior litigation between the parties. The Court does not find any of the facts regarding the prior litigation relevant for purposes of this Motion. The 1995 litigation involved Associated bringing suit against multiple defendants, including Web and Defendant. The Suit was dismissed as to Web and Defendant because the parties agreed that the dispute was subject to an arbitration clause. In 1997, Defendant renegotiated his installment payment agreement with Associated. The issue of whether Defendant had the authority to sign the Guaranty on behalf of Web was never actually litigated or decided.

4. MCN filed a Chapter 11 petition in January of 2002, Case No. 02–41330. The case was converted to Chapter 7, and MCN's assets are being liquidated.

tilla of evidence" is insufficient. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. 2505.

## III

### *JURISDICTION AND BURDEN OF PROOF*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(*l*) (determinations as to dischargeability).

■■■ As the party seeking an exception to discharge, Plaintiff bears the burden of proving nondischargeability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 290, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Even so, the Court must construe all of the exceptions to discharge strictly, and must give the benefit of the doubt to Defendant. *In re Rembert,* 141 F.3d 277, 281 (6th Cir.1998).

## IV

### *ANALYSIS*

■■■ Plaintiff claims that Defendant is indebted to Plaintiff based on Defendant's allegedly improper execution of the Guaranty and that the debt is exempt from discharge under 11 U.S.C. § 523(a)(4) and (6) of the Bankruptcy Code. "In a nondischargeable debt action, it is permissible for a bankruptcy court to determine whether a debt exists and, if necessary, the amount of the debt." *Longo v. McLaren (In re McLaren),* 3 F.3d 958, 965–66 (6th Cir. 1993). The alleged debt to Plaintiff arises from liability for breach of fiduciary duty.

### A. *Breach of Fiduciary Duty and Statute of Limitations*

Plaintiff alleges that Defendant breached his fiduciary duty to Web under Michigan Statute section 450.1489 by executing Web's guaranty of MCN's debt because Web did not authorize Defendant to enter into the Guaranty and because the transaction did not benefit Web.

■■■ Employees of a corporation have a duty of loyalty that prohibits them from acting contrary to the interests of the corporation. *In re Sullivan,* 305 B.R. 809, 819 (Bankr.W.D.Mich.2004) (applying Michigan law). The duty of loyalty is even more stringent for corporate officers and directors. "A corporate officer or director is under a fiduciary obligation not to divert a corporate business opportunity for his own personal gain." *Id.* (quoting *Production Finishing Corp. v. Shields,* 158 Mich. App. 479, 486, 405 N.W.2d 171, 174 (1987)). Michigan Statute section 450.1489 expressly provides:

(1) A shareholder may bring an action in the circuit court ... to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder. If the shareholder establishes grounds for relief, the circuit court may make an order or grant relief as it considers appropriate, including, without limitation, an order providing for any of the following:

· · ·

(f) An award of damages to the corporation or a shareholder. An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has accrued, or within 2 years after the shareholder discovers or reasonably should have discovered the cause of action under this section, whichever occurs first.[5]

---

**5.** The State Legislature added the statute of limitations provision to section 450.1489(1)(f) in 2001 pursuant to 2001 P.A. 57. Prior to 2001, a six year statute of limitations applied.

Mich. Comp. Laws Ann. § 450.1489(1)(f). *Accord* Mich. Comp. Laws Ann. § 450.1541a (corporate director and officer shall discharge duties in good faith, with ordinary care, and in manner believed to be in best interests of corporation; 3 year statute of limitations; 2 year discovery rule).

■ Defendant argues that Plaintiff's cause of action for breach of fiduciary duty is barred by the three year statute of limitations set forth in section 450.1489(1)(f). Defendant contends that if he breached his fiduciary duty, he did so in September of 1994 when he signed the Guaranty. Thus, Defendant argues, the statute of limitations expired three years later in November of 1997.

■ The statute of limitations does not bar Plaintiff's claim. The statute provides that "an action seeking an award of damages must be commenced within 3 years after the cause of action under this section *has accrued.*" A cause of action accrues when a plaintiff can allege in a complaint each element of the asserted claim, including damages. *Moll v. Abbott Laboratories,* 444 Mich. 1, 16 506 N.W.2d 816, 824 (1993). Thus, a cause of action for breach of a duty is triggered at the time of the

wrong, the time that the wrong causes injury to a plaintiff. *Lemmerman v. Fealk,* 449 Mich. 56, 64, 534 N.W.2d 695, 697 (1995).[6]

Here, Plaintiff's cause of action for breach of fiduciary duty arose on July 3, 2003, when the state court ruled that Plaintiff was liable on the Guaranty. Prior to that date, Plaintiff had not suffered any injury.[7] Thus, Plaintiff' Adversary Complaint, filed in 2003, was filed within the applicable three year statute of limitations.

### B. *Collateral Estoppel*

■ Defendant also contends that Plaintiff's Complaint is barred by collateral estoppel. Collateral estoppel principles apply in nondischargeability proceedings. *In re West,* 163 B.R. 133, 139 (Bankr. N.D.Ill.1993). Even though Congress intended the bankruptcy court to determine the issue of whether a debt is dischargeable, Congress did not require the bankruptcy court to redetermine all the underlying facts. *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by

Estes v. Idea Engineering & Fabricating, Inc., 250 Mich.App. 270, 649 N.W.2d 84 (2002). The statute of limitations in effect at the time the cause of action arose governs. *Totzkay v. DuBois,* 140 Mich.App. 374, 382, 364 N.W.2d 705, 708 (1985). Here, the cause of action arose in 2003 and thus the three year statute of limitations applies.

6. Under the discovery rule, a claim must be brought within 2 years after the plaintiff reasonably should have discovered the injury. *Moll v. Abbott Laboratories,* 444 Mich. 1, 18, 506 N.W.2d 816, 825 (1993); *Brown v. Drake–Willock Int'l, Ltd.,* 209 Mich.App. 136, 142, 530 N.W.2d 510 (1995).

7. Plaintiff was not liable on the Guaranty until the primary obligor, MCN, defaulted on

the debt to Associated. In fact, prior to the determination of Plaintiff's liability on the Guaranty, this Court would have been unable to grant Plaintiff damages for breach of fiduciary duty related to the execution of such Guaranty because the matter was not yet justiciable. Courts are prohibited from rendering advisory opinions. *Aetna Life Ins. Co. of Hartford v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (courts may not advise as to what the law would be upon hypothetical facts). *See Hosiery Corp. of America, Inc. v. International Data Processing, Inc.,* 1991 WL 30015, *14 (D.N.J. Feb.28, 1991) (court may not decide whether liquidated damages clause applies prior to determination of liability).

encouraging the parties to present their strongest arguments." *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987).

Under Michigan law, collateral estoppel applies when:

1) there is identity of parties across the proceedings;

2) there was a valid, final judgment in the first proceedings;

3) the same issue was actually litigated and necessarily determined in the first proceeding; and

4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir.2002). The issue must have been essential to the final judgment in the prior proceeding. *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir.1997).

Michigan courts also require mutuality of estoppel. The mutuality of estoppel doctrine requires that in order for a party to estop an adversary from relitigating an issue, that party must also have been a party to the other action. *Lichon v. American Universal Ins. Co.,* 435 Mich. 408, 459 N.W.2d 288 (1990). "The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it if it had gone against him." *Id.* at 428, 459 N.W.2d at 298.

Here, collateral estoppel does not apply. While Plaintiff admitted that it executed the Guaranty in a 1996 pleading and in 2003 the state court found Plaintiff liable on the Guaranty, there was no prior proceeding where the issue of whether Defendant breached his fiduciary duty to Plaintiff was actually litigated and necessarily decided. Defendant was not a party to the litigation in 2001, and no judgment was entered against Defendant in either the 1995 litigation or the 2001 litigation.

Defendant never had an opportunity to litigate the issue of his authority to sign the Guaranty on behalf of Web. Defendant's motion for summary judgment on collateral estoppel grounds is denied.

### C. *Section 523(a)(4) Fraud or Defalcation While Acting in a Fiduciary Capacity*

Defendant also contends that he is entitled to summary judgment because Plaintiff cannot establish all of the elements of a nondischargeability action under section 523(a)(4). Defendant correctly points out that he was not a "fiduciary" under section 523(a)(4), and thus section 523(a)(4) does not apply.

Section 523(a)(4) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4). In *In re Sullivan,* 305 B.R. 809 (Bankr.W.D.Mich.2004), the court found that a corporate officer who allegedly usurped corporate opportunities did not incur a nondischargeable debt under the "fraud or defalcation while acting in a fiduciary capacity" exception to discharge of section 523(a)(4). The Sixth Circuit has defined the term "fiduciary capacity" as used in section 523(a)(4) narrowly, holding that the term applies only to express or technical trust relationships where a specific property is placed in the hands of the debtor as trustee. *In re Garver,* 116 F.3d 176, 179 (6th Cir.1997). The term "fiduciary" as used in section 523(a)(4) does not apply to implied trusts. *In re Brady,* 101 F.3d 1165, 1173 (6th Cir.1996). Although Michigan law imposes a fiduciary duty of good faith on corporate

officers, Mich. Comp. Laws Ann. § 450.1541a, Michigan law does not provide that corporate assets are placed in trust with corporate officers or that corporate officers act as trustees. Thus, a corporate director or officer is not a fiduciary under section 523(a)(4). *Sullivan*, 305 B.R. at 825.

Defendant, as an officer and director of Web, did not act in a "fiduciary capacity" as the term is used in section 523(a)(4). While there may be a question of fact as to whether Defendant breached his fiduciary duty under state law, there is no question of fact on the issue of whether he is a fiduciary as defined under 11 U.S.C. § 523(a)(4). Defendant is not a fiduciary for dischargeability purposes. Accordingly, the debt is not nondischargeable "due to fraud or defalcation while acting in a fiduciary capacity" under section 523(a)(4). Defendant's motion for summary judgment on the section 523(a)(4) claim is granted.

### D. Section 523(a)(6) Willful and Malicious Injury

Defendant also contends that he is entitled to summary judgment because Plaintiff cannot state a claim of nondischargeability under section 523(a)(6). Defendant asserts that Plaintiff cannot show that Defendant acted willfully and maliciously when he executed Web's Guaranty of the MCN debt to Associated.

 Section 523(a)(6) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The Supreme Court has held that an injury is "willful" under section 523(a)(6) if the debtor desired to cause the consequences of his act or if the injury was substantially certain to result. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 466 (6th Cir. 1999). For example, In *Sullivan*, the court found that the debtor acted *willfully* when he usurped corporate business opportunity because he knew that the corporation would suffer a financial loss if he diverted a customer to himself. 305 B.R. at 823.[8]

 In order to overcome Defendant's motion for summary judgment, Plaintiff must demonstrate a genuine issue; Plaintiff must present sufficient evidence upon which a fact finder could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505. Plaintiff contends that Defendant did not act in Web's best interest by executing the Web Guaranty. In order to prevail on a nondischargeability claim under 523(a)(6) based on this allegation, Plaintiff must show willfulness, that at the time Defendant executed the Guaranty, he either desired to harm Web or that harm was substantially certain to result.

Here, Plaintiff has not brought forth any evidence whatsoever that Defendant desired to cause injury to Plaintiff or that the injury was substantially certain to result. Associated would not sell to MCN without

---

**8.** Section 523(a)(6) also requires that the debtor acted *maliciously*. Courts have defined malicious as "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *In re Trantham*, 304 B.R. 298, 308 (6th Cir.

BAP 2004). Thus, in *Sullivan*, the court found that the debtor's usurpation of the corporate business opportunity was malicious as it was done in disregard of debtor's duty of loyalty and without just cause or excuse. 305 B.R. at 823.

receiving a guaranty from Web. Defendant alleges that he agreed to provide the Guaranty from both himself and Web because, in his best business judgment, the transaction would benefit all parties.

Associated, a customer of Web's, owed Web a debt amounting to several hundred thousand dollars. Further, Defendant knew that Associated had financial difficulties. As part of the sale to MCN, MCN agreed to assume Associated's liability on the debt to Web. Because Defendant controlled MCN, he could assure that the debt to Web was paid. MCN's purchase of Associated also ensured that Associated would stay in business and ensured that Associated, under MCN's ownership, could continue as a Web customer. Initially, MCN did make payments on the debt to Web and did direct business to Web. These facts are not disputed by the parties.

There is simply no evidence showing that at the time Defendant executed the Guaranty, he desired to harm Web, a company that Defendant founded and that he operated as a director, officer, and shareholder. The affidavits of Kathy Twardowski (f/k/a Kathy Wilcox) and Eric Burrough do not support Plaintiff's argument that Defendant signed the Guaranty with the intent to harm Web.

Further, there is no evidence that harm was substantially certain to result at the time Defendant executed the Web Guaranty. As is the case with all guaranties, Web was liable on the Guaranty *only if and when* MCN, the primary obligor, defaulted on its debt to Associated. The allegation that Defendant desired MCN to default and thus to injure Web, or that it was substantially certain that MCN would default and Web would be injured, is nonsensical. Defendant formed MCN and planned on its success, not on its failure. Web's Guaranty of the MCN debt was a calculated business risk. Even though hindsight shows that Web's Guaranty of the MCN debt was a bad business risk, there is no evidence that, at the time Defendant executed the Guaranty, harm was substantially certain to result.

Because Plaintiff has brought forth no evidence of willfulness, that Defendant desired to harm Plaintiff or that harm was substantially certain to result at the time Defendant executed the Web Guaranty, Plaintiff cannot show a willful injury and cannot establish a claim for nondischargeability under section 523(a)(6). Accordingly, Defendant's motion for summary judgment on the section 523(a)(6) claim is granted.

V

*CONCLUSION*

Being fully advised in the premises, having read the pleadings, and for the reasons stated above, Defendant's motion for summary judgment is hereby GRANTED.